
WESTERN DIS.                    **CLEAVELAND vs. MAYO ET UX.**
September, 1841.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH

CLEAVELAND
vs.                    OF ST. LANDRY, THE JUDGE THEREOF PRESIDING.
MAYO ET UX.

The father or mother of a minor, or person in whose charge the minor is left, are responsible for the injury he may do to another; but this responsibility is based on the ground that the person having control of him could have prevented the act and did not; and is responsible for neglect.

But where a person, having control of a minor, causes or commands him to commit a crime, or an act causing damage and injury to another, such person is responsible as having committed the offence, although an irresponsible person has been interposed.

Persons responsible for a trespass or injury in different capacities need not be joined in the same action, although if liable in the same way, all must be joined as in a joint action.

This is an action against the defendant and wife for damages occasioned the plaintiff by shooting at and wounding him. The petition alleges that the defendant's wife caused her brother, a minor, named John Smith, to fire a gun at the plaintiff, without any provocation, wounding him with several shot in one of his eyes and elsewhere, so that he has been unable to work at his trade; being that of a shoemaker, and on which his means of support depended. He expressly alleges that the wife of defendant is liable for the injury and damage he has sustained, by instigating and ordering her minor brother to fire the gun at him. He prays judgment against the husband and wife for $5000 in damages.

The defendants pleaded the general issue; and averred that in the absence of the husband on business, she had been repeatedly alarmed by riotous and disorderly persons infesting the place, and loitering about the premises, sometimes destroying the fencing, to the great alarm and injury of the defendant and his wife. That if plaintiff had received any injury for which they were liable, he had been fully compensated therefor, in acts of charity and kindness for the injury of which he complains. They pray that the plaintiff's demand be rejected and suit dismissed.

Upon these issues the case was tried before the court and a jury.

WESTERN DIS.
September,1841.

CLEAVELAND
vs.
MAYO ET UX.·

The substance of the evidence is, that at the time and night referred to, captain Mayo was absent, and his wife being repeatedly alarmed by disorderly and riotous persons about the place, sometimes pulled down the fences, she discovered the plaintiff in a sitting position outside of her fence, called to her young brother, who was asleep, and ordered him to shoot off the gun, and he fired it in the direction of the plaintiff. It was in proof that 16 small shot struck him, and that one of them hit him in the eye, and deprived him of the sight of it.

On the part of the defendant, the lad, who shot off the gun, testified that he fired with a view only to frighten and alarm those who might attempt to break into the inclosure of the defendants.

There was a verdict, on all the evidence, of $250 in favor of the plaintiff, and the defendants appealed from the judgment rendered thereon.

*T. H. & W. B. Lewis*, for the plaintiff.

*Voorhies & Splane*, for the defendants.

*Garland, J.* delivered the opinion of the court.

This suit is brought against the husband and wife, to recover damages in consequence of the plaintiff being shot at and severely wounded by one John Smith, jr., a minor, who fired the gun at the instance of, and under the express orders of the wife, the husband being absent. The damages are laid at $5000.

The answers of Mayo and wife, after a general denial, state, that the former was frequently from home, being a captain of a steamboat; that the village in which they resided, was infested by many disorderly and riotous persons, who frequently loitered around their premises, breaking down the enclosures,

and kept Mrs. Mayo in a state of constant apprehension for the safety of herself, children and property. They deny any malicious intent, and say, if the plaintiff has sustained any damage, he has been compensated by the many acts of charity and kindness of defendants towards him since the injury, of which he complains.

The evidence shows, that in July, 1839, between the hours of ten and eleven o'clock at night, the plaintiff, who is an inoffensive old man, was discovered by Mrs. Mayo in the street, near her house, in a sitting posture on the banquette or sidewalk. The moon was shining, so that objects could be plainly seen at a considerable distance. Mrs. Mayo awoke her brother, John Smith, jr., and directed him to get a gun that was loaded, and discharge it at plaintiff. He did so at and by her command, without saying any thing to plaintiff, or making any inquiry of him, as to his purpose or business at that place, by which he was severely wounded, and has entirely lost the sight of one eye, and had the other injured. The plaintiff is a shoemaker, dependent on his labor for support. He was confined for several weeks by the injuries he received, but during the whole time was treated with much kindness by both defendants, who were anxious to take him to their house, that they might attend him. They expressed great regret for the occurrence, and Captain Mayo paid a considerable share, if not all the expenses of plaintiff whilst confined.

The jury found a verdict for $250 against Mrs. Mayo alone, upon which the court rendered judgment; and from which she, with the consent of her husband, appealed.

In this court the plaintiff relies upon articles 2294, 2304 and 2297 of the Code, to sustain his action, in which is embodied the doctrine, that every act, which causes damage to another, is to be repaired by the person, through whose fault it happened, whether that act be committed by himself or another.

The defendants contend, this action cannot be maintained:

1. Because the husband is not responsible for the acts of his wife during his absence from home. This doctrine we are not

WESTERN DIS. September, 1841.

CLEAVELAND vs. MAYO ET UX.

prepared to admit as correct, though it is not necessary to decide upon it now, as the judgment and verdict are only against the wife, without deciding upon the responsibility of the husband.

2. Because they say, if the plaintiff is entitled to recover any thing, he must sue the father of the minor, John Smith, jr., and he has his recourse against them, if the plaintiff should recover any thing. To sustain this position, they rely upon the fact, that young Smith was residing with his sister, by his father's consent, and the application of articles 2296–2297, which they say makes the father, and in the event of his death, the mother responsible for the acts of the minor. It may possibly be true, that the father is responsible in this case, for the acts of his minor son, but it does not follow, that the defendant is not also responsible for the injuries, she has caused the minor to commit. When a minor, of his own volition or accord, does an act that causes damage to another, the father or mother is responsible under the articles of the Code just cited, and the person in whose charge the minor is left, is responsible to them. This responsibility is based upon the supposition, that the person having the control of the minor, should or could have prevented the act, and not having done so, is responsible for negligence and imprudence. But the case is altogether different, when the person having the control, causes or commands the minor to commit a crime or an act, that causes damage to another. Then the party is responsible as having committed the offence, although an irresponsible person has been employed. A different doctrine will open the way to the commission of serious offences and injuries, without adequate responsibility attaching.

3. It is contended the action cannot be maintained, because the father of the minor, and the minor himself are not joined in it, as they are jointly responsible under the article 2304. In reply to this, we say, the minor cannot be made responsible by a direct action, and if the father is responsible at all, there is no privity between him and Mrs. Mayo. He did not assist

*The father or mother of a minor, or person in whose charge the minor is left, are responsible for the injury he may do to another; but this responsibility is based on the ground that the person having control of him could have prevented the act and did not; and is responsible for neglect.*

*But where a person, having control of a minor, causes or commands him to commit a crime, or an act causing damage and injury to another, such person is responsible as having committed the offence, although an irresponsible person has been interposed.*

*Persons responsible for a trespass or injury in different capacities, need not be joined in the same action, although if liable in the same way, all must be joined as in a joint action.*

in or encourage the offence, whilst the other is a direct actor. This distinguishes this case from that of Laussade vs. Hartineau, 16 La. Rep.

The judgment of the District Court is therefore affirmed with costs.