BAKER, Plaintiff in Error, v. HALDEMAN, Defendant in Error.

1. A father is not responsible for injuries caused by an assault made by his *minor* child.

### *Error to Dent Circuit Court.*

This was an action to recover damages for an alleged assault upon the minor son of plaintiff by the minor son of defendant. The petition charges an assault with a knife, and a cutting, maiming and disabling therewith ; and a loss of service and an expenditure of large sums in the cure, &c. The following instruction was given at the instance of defendant : " Unless the plaintiff has established that the boy was of a vicious disposition and habits, and that the father knew it at the time, he is not responsible in damages for the injury sustained, and the jury will find for the defendant."

*Ewing*, for plaintiff in error, cited Dennis v. Clark, 2 Cush. 347 ; 2 Walf. on Parties, 1068, 1082 ; Hall v. Hallender, 4 B. & Cr. 660 ; 8 Watts, 232 ; Wilt v. Vickers, 2 Kent Com. 186 ; 1 Blacks. Com. 453.

LEONARD, Judge, delivered the opinion of the court.

It seems to have been assumed in the trial of this cause that a father was responsible for the injury caused by the wilful wrong of his minor child ; and the question discussed was whether this liability existed in all cases, or was confined to the case where the child was of a vicious disposition and the father was aware of it. The court decided, at the instance of the defendant, that he was liable only in the latter class of cases, and the jury accordingly found for the defendant.

An opinion, we believe, prevails to some extent in the community, that a father must answer for all the civil injuries inflicted by his child, and we may suppose therefore that there is

a foundation for this sentiment in the common sense of mankind. And accordingly, it was the doctrine of the early Roman law that if a child or a slave committed an injury, the person injured had a remedy for the wrong done him against the father or master, but he had no action against the son or the slave; and the father or master might either pay the damages to the injured person or surrender the offender to him. (Smith's Dictionary of Greek and Roman Antiquities; "*Noxalis Actio*," Justinian Inst. by Saunders, lib. 4, tit. 8.) And in the Institutes, it is said to be with great reason that the master is permitted to deliver up the offending slave; for that it would be very unjust, when a slave does a wrongful act, to make the master liable to lose any thing more than the slave itself; and that, although the ancients applied the same rule to children, yet the feeling of later times had rightly rejected such extreme rigor, and the *surrender of children* had passed wholly into disuse. The general principle of the Roman law that every person is responsible not only for injuries caused by his own act, but for all that are caused by the act of persons and things under his dominion, is expressly adopted in the civil code of France (art. 1384); but the responsibility of a father for the act of his minor child is not incurred there if the father can prove that he was not able to prevent the act which gives rise to the responsibility; and the same principles are adopted and acted upon in the state of Louisiana. (Cleaveland v. Mayo, 19 La. 414; and Governor v. Lambeth, 9 La. 241.) Our unwritten law, however, imposes no such responsibility upon parent or master, although the statute law has made the master liable for certain specified offences of his slave, not to exceed the slave's value, the limit prescribed in the ancient Roman law. (Ewing v. Thompson, 13 Mo. 132.) The present plaintiff, therefore, had no cause of action against the defendant, even upon his own statement of his case.

In reference to the instructions, it is sufficient to say that there was no error in point of abstract law in refusing those asked by the plaintiff, and that, although the one given at the

instance of the defendant was erroneous, it was not to the plaintiff's prejudice, and of course is not a matter for him to complain of. The judgment is affirmed.