JOSEPHINE PAUL, Appellant, *v.* JOHN HUMMEL, Respondent.

1. *Infants — Parent not responsible for trespasses of.*—A parent cannot be held liable for the willful trespasses and torts of his infant children, when he neither assents to nor ratifies them.
2. *Infants, liability of, for torts.*—Where a minor has committed a tort, with force, he is liable, at any age, to be proceeded against like an adult.

*Error to St. Louis Circuit Court.*

Plaintiff sued defendant for damages, in the sum of two thousand dollars, for injury to her minor son, aged six years, received at the hands of a minor son of defendant, aged eleven years, who was residing with, and under the charge and control of, his father, the said defendant. In the petition plaintiff stated in substance, among other matters, that said son of defendant became and was dangerous to plaintiff and her children, by reason of his vicious and destructive temper and of his sudden and causeless fits of anger, and that plaintiff notified said defendant of said fact, and desired him to restrain and control his said son, to the end that she and her children might live in safety; that said defendant failed and neglected to restrain and control his said son; and that, in consequence of such failure and neglect, said injury resulted.

To this petition the defendant demurred, on the ground that a father is not responsible for injuries caused by an assault made by his minor child.

The demurrer was sustained by the court below, and final judgment thereon entered in favor of defendant.

*Thompson & Bell*, for plaintiff in error.

Baker v. Haldeman, 24 Mo. 219, on the authority of which the court below sustained the demurrer in this case, was an action to recover damages for an alleged assault upon the minor son of plaintiff by the minor son of defendant.

The petition charged an assault with a knife, and cutting, maiming, and wounding therewith. The jury, having been instructed, at the instance of defendant, that " unless the plaintiff has established that the boy was of vicious disposition and habits, and that the father knew it at the time, he is not responsible in damages for the injury sustained, " found a verdict for the defendant. On error to this court, the only question was on the instruction, which was decided to be erroneous, but not to the plaintiff's prejudice, and not a matter for him to complain of.

In the case now before the court the plaintiff seeks to recover on other and different grounds from those occupied by the plaintiff in Baker v. Haldeman. In that case it was attempted to charge defendant with liability for a trespass committed by his son, solely because the defendant was the father of the trespasser. In this case the plaintiff proceeds on the theory that it was the duty of the father to control and restrain his son, a member of his family, unfitted by age and temper to govern himself, whereby, by reason of his disposition and habits, he was dangerous to the neighbors, and when the father had been notified by them that such was the fact, and so requested to do.

If the damage had been charged in our petition to have been committed by a mischievous and dangerous animal, the property of defendant, the demurrer would have been overruled. (Durden v. Barnett, 7 Ala. 169; Dennis v. Clark, 2 Cush. 347.) Can the fact that it was perpetrated by the mischievous and dangerous son of defendant, irresponsible by reason of his minority and disposition, excuse the defendant from the consequences of his own negligence?

*Woerner & Kehr*, for defendant in error.

I. The statute law of Missouri recognizes no liability of the father for torts committed by his infant child. (Gen. Stat. 1865, ch. 117, § 28.)

II. At common law a father is not liable for the tortious acts of his minor children. (Moore v. Powers, 8 C. B., N. S., 611.) "The defendant was not answerable for the acts of his daughter done in his absence and without his authority or approval; but the daughter, whether an infant or not, was answerable for her trespass." (Tifft v. Tifft, 4 Den. 175.) "Infants are liable in the same manner as adults for trespass and assault." (Bullock v. Babcock, 3 Wend. 391.) In the case of Baker v. Haldeman, 24 Mo. 219, the law, as applicable to this case, is fully discussed, leaving no kind of doubt concerning it. The Supreme Court of Missouri are unanimous that "a father is not responsible for injuries caused by an assault made by his minor son," and the reasons given appear to be unanswerable.

WAGNER, Judge, delivered the opinion of the court.

In Baker v. Haldeman, 24 Mo. 219, it was decided by this court that a father was not responsible for injuries caused by an assault made by his minor child. But an attempt is made to evade that decision, or at least to exclude this case from its reasoning, by averring in the petition that the child of the defendant, who caused the injury, was dangerous to the plaintiff and her children, by reason of his vicious and destructive temper and of his sudden and causeless fits of anger, and that defendant had notice of that fact. It is not averred that defendant sanctioned the wrong committed by his minor son, either before or after the act. But the petition was doubtless framed upon the theory that an instruction given in the trial court, in Baker's case, was correct law, as that case was not reversed on error. The instruction was that, "unless the plaintiff has established that the boy was of vicious disposition and habits, and that the father knew it at the time, he is not responsible in damages for the injury sustained, and the jury will find for the defendant." The verdict was for

the defendant, and the judgment therein was affirmed; but Judge Leonard, in giving the opinion of the court, said that, although the instruction given at the instance of the defendant was erroneous, it was not to the plaintiff's prejudice, and was therefore not a matter for him to complain of. It will be thus seen that the doctrine contended for derives no support or authority from that case. In Tifft v. Tifft, 4 Denio, 175, the action was brought to recover damages for the killing of a hog, by a dog which was set on by defendant's daughter, but the court held that the defendant was not answerable for the act of his daughter, done in his absence, and without his authority or approval; but the daughter, whether an infant or not, was answerable for her own trespass. A parent cannot be held liable for the willful trespasses and torts of his infant children, when he neither assents to nor ratifies them. When the minor has committed a tort, with force, he is liable at any age to be proceeded against as an adult. (Reeve Dom. Rel. 386; 1 Chit. Pl. 66; Jennings v. Randall, 8 T. R. 335; Bacon Abr. Infancy, H; Loop v. Loop, 1 Verm. 177; Bullock v. Babcock, 3 Wend. 391.) I know of no principle of law by which the action is maintainable. There is no such relation existing between father and son, though the son be living with his father as a member of his family, as will make the acts of the son more binding upon the father than the acts of any other person. The father is not liable for the contracts of the son, within age, except they be for necessaries, and it would be a great departure from the law to hold him responsible for the son's trespasses and wrongs.

I think the demurrer was rightfully sustained, and the judgment will be affirmed. The other judges concur.