## No. 134.

### EMMA MARIONNEAUX *v.* FORRESTER BRUGIER.

1. The plea of prescription may be renounced either expressly or tacitly. La. C. C., Arts. 3460, 3461.
2. Where a party sued files the plea of prescription, as an answer, and subsequently solicits of the Court leave to withdraw the same and present a declinatory exception, which is accorded, and such an exception filed, he thereby renounces the prescription originally plead.
3. The father is liable for damage occasioned by his minor child, residing with him, or placed by him with other persons. La. C. C. 2318.
4. The restriction of La. C. C. 2320, limiting liability for damages occasioned by the acts of minors to 'cases where the person to be charged "might have prevented the act which caused the damage and have not done it," applies only to *masters or employers, teachers or artisans.* The Court refuses to follow Cleaveland *v.* Mayo, 19 La. 414.
5. The discharge of fire-arms in the streets of a city, or in a manner to injure others, constitutes gross negligence.
6. He who sets up contributory negligence as a defense, must establish it.

*Appeal from Division B, Civil District Court, Parish of Orleans. Houston, Judge.*

*B. Egan* for plaintiff.

*T. J. Semmes & Payne* and *James J. Legendre* for defendant and appellant.

MCGLOIN, J.—Plaintiff, widow of Ernest Marionneaux, Sr., sues upon the following allegations: That she is the mother of the minor child Ernest Marionneaux, who on January 1st, 1880, was shot in the face by Oscar Brugier, minor son of defendant, with a gun, loaded with powder; that the shooting was reckless and malicious upon the part of said Oscar Brugier, and has caused great suffering and permanent injury to her said son, Ernest Marionneaux, and great suffering anxiety, loss of time and expense to herself in nursing said child and procuring medical treatment, etc., for him. She prays simply for the damages she individually has endured, placing them at one thousand dollars. Defendant first filed *as an answer* the

plea of prescription of one year. Subsequently he moved the court *a qua* to be permitted to withdraw and discontinue the plea of prescription, and file the plea of *lis pendens*. Having obtained this leave, he filed said plea of *lis pendens*, setting forth that "the obligation, cause of action, and parties herein are the same as those involved in suit No. 970 of the docket of this Court, entitled E. Marionneaux *v.* F. Brugier still pending and undetermined."

This exception being overruled, he again filed the plea of prescription of one year. The date of the injury was, as has been stated, January 1st, 1880, and the citation in this case was served only January 4th, 1881, more than one year thereafter.

The record contains no note of any evidence offered below upon the trial of said last exception, and the certificate of the clerk is in the usual form ; neither does the order of the court *a qua* recite that any evidence was tendered. We are bound to consider that there was no evidence outside of what appears in the record. We are asked, as the citation was served more than one year after the infliction of the injury, and there is no proof of any interruption, to maintain the plea.

This we cannot do, because we consider that the record shows an abandonment of the plea of prescription. It is well settled that the exception of *lis pendens* is declinatory, and that it must be filed in *limine litis*.

Having filed an *answer*, the right to present this declinatory plea was gone. When defendant, in order to obtain the privilege of presenting this declinatory plea, withdrew and discontinued the peremptory one of prescription, we consider that the right to plead prescription was abandoned, and that it would be inequitable and unjust to permit defendant to present it a second time. La. C. C., Art. 3460, authorizes the renunciation of prescription when once acquired. By C. C. Art. 3461, this renunciation may be express or tacit. The last named article declares also that "a tacit renunciation results from a fact which gives a presumption of relinquishment of the right

acquired by prescription." The course adopted by defendant in filing this plea and then withdrawing it by leave of court to present another, declinatory in its nature, which latter under the circumstances was excluded by the answer he had filed setting up prescription, is certainly a tacit, if indeed it be not an express renunciation.

The evidence shows that Oscar Brugier and other boys were engaged for some time, on New Year's day, near the defendant's house, discharging fire-crackers and fire-arms; that the boy Marionneaux, aged nine years, was attracted to the spot, and formed one of the crowd standing around. Oscar Brugier had a gun, attempting to discharge it, when, after several attempts, it went off, injuring young Marionneaux severely, by flame and powder, in the face and right eye.

It is urged that, as it is not shown that the father was present and could have prevented the act occasioning the injury, that he is not responsible.

La. Civil Code, Art. 2318, is to this effect:

"The father, or after his decease the mother, are responsible for the damage occasioned by their minor or unemancipated children residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons. The same responsibility attaches to the tutors of minors."

This law is clear, and imposes responsibility in such cases as this upon the father, *without the limitation or restriction* claimed by defendant. We are not authorized to impose upon this article a modification which is not to be found in the text, expressed or implied.

The case of Cleaveland *v.* Mayo, 19 La. 414, we cannot follow, as, in that case, this question does not seem to have been closely considered, and it is, besides, in contravention to the clear wording of the law. The restriction of C. C. 2320, limiting liability to cases where the person sought to be charged might have prevented the act which caused the damage, forms no part of C. C. 2318. It relates alone to masters and em-

ployers, teachers and artisans. The modifying clause itself, by clear expression, limits itself to persons of this class. It declares :

"In the *above cases*, responsibility only attaches when the *masters or employers, teachers* and *artisans*, might have prevented the act which caused the damage and have not done it." The case at 1·9 La. 414, practically inserts the words, "father and mother" into this clause, where the legislator has omitted it. Doubtless the court in that case were misled by the French authorities, based upon the article of the Code Napoleon, No. 1384, which corresponds to Arts. 2318 and 2320, combined, of our own. The French article, however, does expressly include the father and mother in this saving provision. The fact that the authors of the Louisiana Code have omitted them is pregnant of meaning and strongly expressive of a purpose entirely at war with the decision cited.

It is not proven that Oscar Brugier wilfully injured the boy Marionneaux, nor do we believe that he so did; but we consider that it is carelessness of the grossest character to discharge firearms in the streets of a city, and to discharge them in such a manner as to injure another.

It is urged that there has been contributory negligence on the part of the injured boy. The burden of proving contribution is upon him who sets it up as a defence to an action against himself for reparation of damages his own act has occasioned. A party making this plea must satisfy the court that it is well founded upon the facts.* ·It is also principally a question of fact and inference therefrom, coming within the province of the jury. In this case, the jury did not consider that contribution was shown on the part of Ernest Marionneaux, and neither have we been satisfied that any existed.

We do not consider the damages·accorded as excessive, or beyond proof.

Judgment affirmed.

---

* See W. B. Raymond in Western Jurist of Dec., 1881.—Reporter.