BASSETT, Respondent, v. RILEY et al., Appellants.

**St. Louis Court of Appeals, May 26, 1908.**

1. **PARENT AND CHILD: Torts of Minor Child: .Liability of Parent.** A father is not responsible for the tort of his minor child merely because of the relationship.

2. ———: ———: ———: **Prima-Facie Case.** Where a minor tortiously shot and killed a dog in the presence of his father, but where there was no substantial evidence that the father consented to the act or knew of the son's intention in time to prevent it, the owner of the dog did not make out a prima-facie case in an action against the father for the value of the dog.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED.

*J. H. Whitecotton* and *Geo. M. Brown* for appellant.

(1) Respondent's testimony clearly fails to sustain the allegation of the petition, as follows: 1st. As to the tort having been done "In the presence of and with the full knowledge of and with the consent of" W. W. Riley, appellant. For these reasons the demurrer should have been given as asked and it was error on the part of the court to refuse the same. Smith v. Railroad, 37 Mo. 287; Needles v. Burk, 81 Mo. 572. (2) There is no substantial testimony in the case tending to prove the allegation of the petition as to "knowledge and consent" on the part of the appellant to sustain a verdict and for that reason the instruction in the nature of a demurrer offered at the close of all the testimony of the case should have been given. It was clearly error to refuse the same. Clafflin v. Rosenberg, 42 Mo. 439.

*James P. Boyd* for respondent.

The rule is that "the parent is not liable in damages for the torts of his minor child, even though the

child lives with the parent and is under his control, when such acts were done without his authority, knowledge or consent, had no connection with his business, were not ratified by him, or were of no benefit to him; or more briefly stated, a parent is never liable for the wrongful acts performed without the parent's consent or in connection with the parent's business. When, however, the tort complained of was committed while the child was engaged in the parent's service, within the scope of his employment, or when the circumstances show that it was done with the parent's knowledge and by his authority or with his consent, he is liable. 21 Am. and Eng. Ency. Law (2 Ed.), p. 1057, and cases cited under note 2 on page 1058.

GOODE, J.—This action was begun before a justice of the peace to recover damages for a dog owned by respondent and shot and killed by Charles Riley, son of appellant Wiliam W. Riley. A trial before the justice resulted in a judgment against both defendants, from which William Riley, the father, took an appeal to the circuit court where judgment was given against him for twenty dollars and he then appealed to this court. The complaint alleges Charles Riley, the minor son, shot and killed the dog in the presence and with the knowledge and consent of his father, and on those allegations it is sought to hold appellant liable. The sufficiency of the complaint is challenged, but we will not determine the question because, in our opinion, the evidence is insufficient to support the judgment against appellant. While respondent was driving in a buggy along a road which ran past the yard of appellant's house, the dog which was following the buggy, leaped over the fence into the yard. Charles Riley, son of appellant and then seventeen years old, spied the dog, got a gun from the house and went into the yard. As he did this appellant was on his way to the house from

the barn, some three hundred feet distant from his son and to the rear of the house. He saw the latter step out with the gun and asked him what he was going to do. The son said he was going to scare a dog, then passed around the house and out of his father's vision and the latter saw him no more until after the shooting. Appellant walked to his house, stepped on the back porch, from which he could see through the hall to the front porch, and caught a glimpse of the dog which had jumped on the front porch. He then recognized the animal as respondent's which he swore he had not done before, and an instant later he heard the report of the gun. The ball struck the dog in the spine and caused his death in a few minutes. Charles Riley swore he only shot to scare the dog, without intending to wound him and that the casualty was purely accidental. Next morning respondent called at appellant's house to complain of the occurrence, when the boy stated to him it was accidental and both he and appellant expressed regret that it had happened. The two men were neighbors and had adjoining farms. About two weeks before the dog was killed, he had been set on a cow belonging to appellant, but in respondent's field, and respondent swore appellant then said, with an oath and in the presence of his son, he would kill the dog. Appellant admitted he might have made the remark, but said it was simply an ejaculation of anger at the time and he had no intention of injuring the dog. Such is the substance of the testimony relied on to lay appellant liable. There is some evidence regarding what appellant swore at the first trial before the justice of the peace, but we think his testimony on that occasion, as related by the witnesses, does not differ materially from what he gave on the trial in the circuit court. It is unnecessary to attempt to outline in the present case, the scope of the rules of law governing the responsibility of a father for the tort of his minor child.

There is no liability merely because of the relationship. [Baker v. Haldeman, 24 Mo. 219; Paul v. Hummell, 43 Mo. 119.] When Charles Riley shot the dog, he was not engaged in his father's service, so as to make the latter responsible because of the relation of master and servant. Neither was it shown appellant afterwards sanctioned or approved the act. As to whether appellant would be answerable if he knew, or in reason ought to have known, his son intended to shoot the dog, in time to interfere or protest, and did or said nothing to prevent the shooting, we will not decide; because we are convinced there was no substantial evidence from which the jury could do more than conjecture appellant had knowledge of such intention on the part of his son, if, indeed, the latter cherished it, which is doubtful. The incident in the field two weeks before, gives ground to suspect appellant, but suspicion will not warrant a verdict against him. The evidence must be such as fairly to support, not a mere surmise, but a finding that he had reason to know his son's intention was tortious. Otherwise he was no more answerable than if the incident had occurred in his absence; and clearly, if this was the case, he would not be liable, as may be seen from the precedents on the question of a father's liability for torts of his minor child collected in the note to Broadstone v. Hall, 10 L. R. A. (N. S.) 933. All the testimony touching the point shows that when the boy stepped out of the house with the gun in his hand, appellant was behind the house; that when he inquired what the boy intended to do with the gun, the latter replied he intended to scare a dog, then went around the house and in a moment or two fired the shot. Under the decisions in this State cited supra, and those in other jurisdictions, no case was proved against appellant.

The judgment is reversed. All concur.