## Sale v. Atkins.

(Decided December 19, 1924.)

### Appeal from Ballard Circuit Court.

1. Master and Servant—Parent Not liable for Injury by Family Automobile Driven by Son Surreptitiously Without Consent.—The family purpose doctrine, making parent liable for injury done by car when driven by infant child of owner, is rested upon theory that child is agent of parent, operating the car with his knowledge, acquiescence, and consent, and has no application to cases where the child surreptitiously obtains possession of car and operates it without parent's consent.

2. Parent and Child—Relation of Principal and Agent Must Exist Between Parent and Child to Make Former Liable for Operation of Automobile by Latter.—A parent is not liable for negligent operation of automobile unless in its operation the relation of principal and agent exists between parent and child.

3. Parent and Child—Parent Not Liable for Son's Negligent Operation of Automobile.—Where defendant's son surreptitiously took automobile from garage without knowledge or consent of father and against his positive instructions, defendant was not liable for injuries caused by son's collision.

4. Master and Servant—Proof Requisite to Authorize Recovery Against Parent for Son's Negligent Operation of Automobile, Stated.—To entitle plaintiff to recover for injuries inflicted by defendant's son in operating defendant's automobile, plaintiff must show that father allowed son to operate it, or that it was son's custom or privilege to do so, of which the father knew, or that the father knew the son was taking the car or had it under his control at and before the injury.

M. C. ANDERSON and WHEELER & HUGHES for appellant.

HENRY F. TURNER and HOLIFIELD, GARDNER & McDONALD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

On the night of September 15, 1922, Warren Sale, the thirteen-year-old son of appellant Sale, surreptitiously obtained possession of his father's automobile and with companions about his age went for a joy-ride. In the course of the evening he ran the car against and over a buggy in which Mrs. Pearl Atkins, appellee herein, was riding with her husband, throwing her out and severely injuring her. This suit was brought by Mrs. Atkins against appellant, Roland Sale, the owner of the automobile, and father of the boy Warren Sale, to recover damages for the injury on the theory that the automobile was purchased, owned and used by the father as a "family purpose automobile," and that the father was liable for the negligence of his son in the operation of the car resulting in injury to the appellee. The answer denied the liability of Sale for the injury caused Mrs. Atkins and affirmatively pleaded that Warren Sale, the infant son of appellant, "surreptitiously obtained the said car from the garage in which it was stored and without his knowledge or consent, and against his will and in direct violation of his instruction thereto pertaining, and was engaged in using said automobile, if he did use the same, upon the highway aforesaid in carrying out his own wishes and pleasure therewith, and was not using said car upon any business, either general or special, of this defendant, and without right or authority from this defendant, either general or special, and that this defendant did not know that the said Warren Sale was thus using said automobile until after said alleged accident, and that said automobile was thus being used in violation of this defendant's positive instructions thereto pertaining, and contrary to his advice and wishes in said premises, of which acts this defendant had no knowledge until after the said alleged accident, therefore, and for said reason, this defendant is not liable to plaintiff."

The "family purpose doctrine" with respect to automobiles, adopted in Kentucky, makes the parent liable for injury done by a car on a highway when driven by the infant child of the owner on the theory that the car is being used by the child with the direction of the parent, or with his consent and for the purposes for which the

car was intended when purchased, and, therefore, the child is the agent of the parent in the operation of the car. Holland v. Good, 188 Ky. 525; Keck v. Louisville Gas Co., 179 Ky. 315; Doss v. Monticello Co., 193 Ky. 499; Tyler v. Stephens, 163 Ky. 770; Stowe v. Morris, 147 Ky. 386.

The whole doctrine is rested upon the theory that the child is the agent of the parent operating the car with his knowledge, acquiescence and consent, but has no application to cases where the child surreptitiously obtains possession of the car and without the knowledge or consent of the parent operates it upon a highway. Unless the relation of principal and agent exists between the parent and child, in the operation of the car, the parent is not liable for damages resulting from the negligent operation of the car by the infant. No one would contend that appellant Sale would have been liable for the injury sustained by appellee Atkins had one of the other boys in the neighborhood stolen the car from the garage on the night in question, and while operating it ran it against the buggy of appellee, because there would have been lacking the relation of principal and agent. The mere fact that the accident happened while the car was being operated by the son of the owner does not fix liability upon the father unless it be shown that the son was acting in relation of agent to his father, or operating the car for the purposes for which it was purchased by the father, or was acting for the father in the operation of the car. It was held in the case of McNeal v. McKain (Okla.), 41 L. R. A. (N. S.) 775, that where the son takes out the automobile of his father, used for family purposes, for the pleasure of himself and sister, with a friend who was the guest of his father's family, the son was a servant or agent of the father in taking his sister and the guest of the family driving in the car, and was not performing a service independent of his father but the business of his father, making the father liable for his negligence in driving it. The facts in that case were very different from those with which we are dealing. The general rule as expressed in the case of Smith v. Jordan, 211 Mass. 269, is to the effect that something must be shown more than a mere existence of the relation of parent and child to raise the relation of master and servant, or create an agency on the part of the child so as to render the parent liable for the child's

negligence, in operating the parent's automobile. In that case it was said:

> "A father is not liable for the torts of his minor son, simply because of paternity. There must exist an authority from the father to the son to do the tortious act, or a subsequent ratification and adoption of it, before responsibility attaches to the parent. This authority must be express or it may arise by implication from all the attendant circumstances. The wrongful act must be performed by the son in pursuance of the business, incident, or undertaking authorized by the father, before the latter can be held liable. Such authority may be found in actual presence of the parent, in express or implied direction, or in a precedent cause of conduct. If the act is within the general scope of authority conferred by the father, or in carrying out the enterprise for which the minor has been commissioned, then the father may be liable even though he had no knowledge of the specific conduct in question, and it was contrary to his direction. If the act is not done by the son in furtherance of the father's business, but in performance of some independent design of his own, the father is not liable. The controlling rules of law are the same whether the business in question concerns the operation of an automobile or any other matter."

In the case of Sultzbach v. Smith (Iowa), 1916F, page 228, in substance it was said that the owner of an automobile was not liable for an injury done by it while being negligently driven by his minor son at night, where the son had taken the car for a purpose of his own, without his father's knowledge, and against his express command, although the father had permitted the son to use the car at certain times, and had known of his taking it at certain times; since, at the time of the injury, the relation of master and servant did not exist.

A father is not liable for an injury inflicted by an automobile not purchased or maintained primarily for the pleasure of the family, which was taken by his adult daughter without his consent, for a pleasure trip of her own. Woods v. Clements (1917), 113 Mass. 720, L. R. A. 1917E, 357.

Again it was said:

"And where the son of the owner of an automobile, a grown man, engaged in business for himself, was, at the time the injury was inflicted by the machine using it for his own personal pleasure and benefit and in no respect in the interest of or on behalf of the owner, and there was no express authority for the use of the car on the particular occasion, but, at most, a mere implied consent, growing out of the relationship of the parties and a previous use by the son, the owner is not liable for an injury inflicted while the son was using the car." 1917F, 366, Gardiner v. Solomon, 162 N. C. 95; Johnston v. Cornelius, 193 Mich. 115; Linville v. Nissen, 162 N. C. 95; Kitchen v. Weatherby, 205 Ill. App. 10; Jasen v. Fischer, 134 Minn. 366.

(3) The evidence in this case shows beyond question that the son of appellant took the car from the garage at night without the knowledge or consent of his father and against his positive instructions; at a time when the father thought the son was at church, and that the accident to appellee occurred while the son was operating the car in disobedience to his father's positive instructions and without the knowledge or consent of the father that the son was using the car. In fact the son had never been permitted by the father to drive the car alone or to drive it except in company with the father or some adult member of the family. While there is some slight evidence to the effect that the son had on one or more occasions driven the car for a short distance without the presence of his father, mother or other adult member of the family, it is not shown that the father knew this fact.

In order for appellee, Mrs. Atkins, to entitle herself to have her case go to the jury, it is incumbent upon her to show not only that the father was the owner of the car and that the son was operating it on the night of her injury, but that the father allowed the son to take the car and so operate it, or that it was the custom or privilege of the son to do so, and that the father knew of this custom; or, that the father on the night in question knew that the son was taking the car, or that the son had it under his control with the father's acquiescence, at the time and before the happening of the injury. No

such evidence was offered by appellee Atkins. The court, therefore, should have sustained appellant's motion for a directed verdict in his favor. If upon another trial the evidence is in substance the same as upon the last trial the court will direct the jury to find and return a verdict for appellant Sale.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.