HOPKINS, by guardian *ad litem,* Respondent, vs. DROPPERS
. and another, Appellants.

HOPKINS, Respondent, vs. SAME, Appellants.

*October 15—November 9, 1926.*

*Automobiles: Minor under sixteen operating motorcycle: Liability of parent: Of son towards gratuitous guest.*

1. A father having forbidden his son, not ordinarily disobedient, to use a motorcycle alone, which is a violation of sec. 85.08, Stats., is not liable for injuries inflicted by the boy while acting in disobedience of such instructions. p. 338.

2. The son, however, driving the motorcycle in violation of the statute and failing to exercise ordinary care in respect to speed, lookout, management, and control, is liable for injuries sustained by a gratuitous guest. p. 339.

APPEALS from judgments of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed as to defendant Edward R. Droppers, and reversed as to defendant Henry J. Droppers.*

. These two actions, one on behalf of the infant plaintiff
· for his personal injuries, and the other on behalf of his father for the loss of his services, were tried together. They arise out of the infant plaintiff; *Wells Hopkins,* being thrown from a motorcycle being driven by the defendant *Edward R. Droppers,* then under sixteen years of age, on August 31, 1922, on Clybourn street in Milwaukee.

The facts with one exception are substantially as recited at length on the former appeal on demurrer in these cases in 184 Wis. 400, 198 N. W. 738, and will not be here again recited.

It appeared on the trial that the motorcycle had been used by *Edward* and to the knowledge of his father five several times between its purchase, August 9th, and the time of the accident, and testimony was given to the effect that the father, after a conversation with a friend on the

subject, informed his son *Edward*, the night before and again on the morning of the day of the accident, that the son was not to use the motorcycle in violation of the statute invoked forbidding its use by one under sixteen unaccompanied by an adult. *Edward* would reach the age of sixteen on December 28th following. The following, in substance, was the special verdict:

(1) (Answered by the court). The defendant *Edward* drove the motorcycle unaccompanied by parent, guardian, or other adult person at the time of the accident.

(2) That the fact found under the first question was a proximate cause of the injury to the plaintiff *Wells Hopkins*.

(3) That *Edward* failed to exercise ordinary care in respect to speed.

(4) That such failure was a proximate cause of the injury.

(5) That *Edward* failed to exercise ordinary care in keeping a lookout ahead.

(6) That such failure was a proximate cause of the injury.

(7) That *Edward* failed to exercise ordinary care in the management and control of the motorcycle.

(8) That such failure was a proximate cause of the injury.

(9) That the defendant father, in the exercise of ordinary care, ought to have known that the son would upon this occasion operate or drive the motorcycle unaccompanied by an adult person.

(10) The defendant father failed to exercise ordinary care to restrain the son *Edward* from so operating or driving the motorcycle.

(11) That *Wells Hopkins* did not proximately contribute to produce the injury by any negligence on his part.

The damages for the two plaintiffs were assessed at $10,000 and $2,476.75 respectively.

After motions by the several parties, orders were made by the court directing judgment in favor of the plaintiffs against the defendants for the respective damages.

From the several judgments each defendant appeals.

For the appellants there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Irving A. Fish* and *Charles W. Reeder,* of counsel, all of Milwaukee, and oral argument by *Mr. Fish* and *Mr. Reeder.*

*William L. Tibbs* of Milwaukee, for the respondents.

ESCHWEILER, J.   Under the complaint as it was before us on the former appeal, 184 Wis. 400, 402, 198 N. W. 738, it was alleged that at the time of the injury in question *Edward* was operating the motorcycle contrary to law (sub. (1), sec. 85.08, Stats.) by and with the knowledge and consent of his father, the defendant *Henry J. Droppers,* who had furnished the motorcycle.

Upon the trial several witnesses testified that the defendant father, *Henry J.,* forbade the son to thereafter operate the motorcycle in such violation of the statute, namely, unaccompanied by parent, guardian, or other adult person. No testimony was offered by the plaintiff to contradict this, and from the framing of the special verdict and, so far as anything in the record shows, the facts of the giving of such command and that it was done in good faith were evidently assumed as being verities, which take out of the case, so far as the defendant father is concerned, an important and material element of the facts as recited in the complaint. We are therefore now squarely presented with the question as to whether or not the father should, in the exercise of any duty he owed to others, have done more or otherwise in the matter of the control of his son and the prevention of the use of the motorcycle in violation of the statute; it being unnecessary to consider the challenge by the defendant *Henry J. Droppers* on his appeal to the first finding in the verdict, viz. that the violation of the statute (sub. (1), sec. 85.08) was a proximate cause of the injury.

On the former appeal it was declared to be the law of this

case that the motorcycle, like the automobile, is not, in and of itself, within the class of dangerous instrumentalities such as explosives or firearms. There was no violation of any penal statute in the purchase by the defendant parent of the motorcycle or the giving of the same to the son, or in the paying for the necessary license or expenses for its operation. The driving of the motorcycle by the son, though under sixteen, on the public highways when accompanied by some older person in accordance with the statute was not unlawful. The father, therefore, was under no duty to prevent the son from making any use at all of the motorcycle, having the same in his possession or under his control. Appreciating, as he testified, that it were better to restrain the son from operating the motorcycle unaccompanied by some adult until the few months had passed before *Edward* reached the age of sixteen years when such statutory restriction would be lifted, the parent gave the command for a compliance with the statutes. There was no evidence offered to show that the son *Edward* was unruly, wilful, or repeatedly disobedient to proper parental instructions, or other than the normal child of whom absolute and perfect obedience is seldom expected and never obtained. While the father knew that the boy had on five several occasions operated the motorcycle in violation of the statute during the three weeks that it had been at his disposal, yet none of such had been done in violation of any parental command. The effect of the finding of the jury, however, as approved by the trial court, is that a parent under such circumstances should and must do more than was done in this case. But just what should be done is not indicated by the special verdict nor very definitely suggested here.

The law cannot require that the motorcycle should be entirely removed from the possession and control of a minor under the age of sixteen, because the law recognizes a per-

missible use of the machine by such minor; much less could there be any requirement that, at least in the absence of a showing that the son was a known contemnor of parental authority (a situation not now before us), there should be any thought of physical restraint of the son in anticipation of a possible intentional violation of such commands; neither can it reasonably require a parent to anticipate a forgetfulness or intentional disobedience of such a partial restriction of the use of even such a tempting article as a motorcycle and therefore keep it under lock and key, subject to be released only upon express parental consent and knowledge. If such rigid rules were to be recognized as to the motorcycle in this case they would necessarily apply also to automobiles used by various members of the family in the many purposes to which such vehicles are now put, and compel quite a substantial change in present-day treatment of such matters.

Considering the record, therefore, as it now stands before us, and upon the evidence, we are constrained to hold, as a matter of law, that the material element upon which, under the allegations of the complaint and as the law of this case, it was held the defendant parent could be held individually responsible for the injuries to the infant plaintiff, is no longer in this case, and that the jury's answers to the ninth and tenth questions of the special verdict, upon which answers alone the defendant father's liability can be predicated, are without proper or sufficient support and the jury's answers to the same should have been changed and defendant *Henry J. Droppers'* motion for judgment in his favor granted.

No authorities particularly helpful in disposing of this question of the liability of a parent under such a situation have been called to our attention. There is discussion on the general subject of responsibility or of the liability or non-liability of a parent in the exercise of parental control in

such cases as *Corby v. Foster,* 29 Ont. Law Rep. 83, an action to hold the parent for a kick by the son and where there is pointed out the difference between the rule of the civil law—holding a parent responsible for the torts of his infant child—and that of the common law—denying such responsibility; *Hagerty v. Powers,* 66 Cal. 368, 5 Pac. 622, denying a right to recover against a parent for the careless use of a pistol by a son permitted by the parent to have such weapon; *Paul v. Hummel,* 43 Mo. 119, refusing to establish liability of the father for the results of the known vicious temper of the child. In *Sale v. Atkins,* 206 Ky. 224, 267 S. W. 223, a father was held not liable for injuries caused by the minor child's using the father's automobile in violation of positive instructions; and in *Way v. Guest* (Tex. Civ. App.) 272 S. W. 217, with many cases cited, plaintiff was denied right to recover for injuries caused by defendant's minor daughter driving his car without his consent.

The appellant *Edward R. Droppers,* however, driving the motorcycle at the time of the injury, not only in violation of the statute, but also failing to exercise ordinary care in respect to the rate of speed, lookout, management, and control, as found by several answers in the special verdict, and each of which was found to be a proximate cause of the injury, cannot be relieved of liability. There is sufficient to warrant a judgment against him as the driver if there be support in the record for any one of these several findings of the jury as to his alleged failure to use ordinary care.

We are satisfied there is warrant for one or more of such answers and we need therefore examine or inquire no further. There was some breach of duty which *Edward* owed to his youthful companion in the then use of the motorcycle and sufficient to support a judgment against him in favor of both plaintiffs. We are not unmindful of what

has been recently said by this court in *Cleary v. Eckart, ante,* p. 114, 210 N. W. 267, regarding the relationship between a gratuitous guest and driver, but deem the questions disposed of in that case not material here.

*By the Court.*—Judgment against the defendant *Henry J. Droppers* is reversed, and the complaint dismissed as to him. Judgment against the defendant *Edward R. Droppers* is affirmed.