# Todd v. Hargis.

May 11, 1945.

B. J. Bethurum for appellant.

Kennedy & Kennedy for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Reversing.

On an afternoon in December, 1943, a motor truck owned by appellant, Zelmer Todd, while being driven by his twelve year old son, Lewis Todd, eastwardly on highway 80 towards the city of Somerset, collided with the truck of appellee, Chester Hargis. Hargis brought this action against Zelmer Todd seeking to fasten liability on him under the family purpose doctrine for the injury done his truck. The petition alleged that appellant was the owner of the truck which on this occasion was driven by his infant son, who was then the agent of his father and engaged in the latter's business and that the father is liable for his son's tort under the family purpose doctrine. It further alleged that at the time and place of the collision, the infant driver negligently and carelessly caused the truck to collide with appellee's truck which resulted in great damage to the latter.

At the conclusion of the introduction of appellee's evidence, and again at the close of all the evidence, the appellant moved for a directed verdict. Both motions were overruled by the court and an instruction was given the jury embodying the family purpose doctrine as well as one submitting the question of the father's negligence in leaving the truck accessible to a son he knew had several times driven it contrary to his wishes and orders. A verdict was returned in appellee's favor in the amount of $225 and from the judgment entered thereon appellant has here moved for and been granted an appeal.

Although the cause of action set out in the petition was based on the family purpose doctrine and that the minor son was engaged in his father's business as his agent at the time of the accident, the brief of appellee recites he relies on neither for the affirmance of the judgment, but on the action of the father in negligently leaving the truck unlocked and accessible to his young son after knowing that the boy was in the habit of driving it against the wishes and admonitions of his father.

Since the evidence shows that the father had expressly forbidden his son to drive the truck and had instructed his drivers not to let the boy use any of his trucks, and that the boy surreptitiously and against his father's orders took the truck on the occasion of the accident, appellee logically could not have relied on the family purpose doctrine or that the son was acting as his father's agent in asking that the judgment be affirmed. 5 Am. Jur., section 365, page 704; 42 C. J., Section 838, page 1080; Sale v. Atkins, 206 Ky. 224, 267 S. W. 223.

The sole cause of action set out in the petition is bottomed on the family purpose doctrine. The allegation in the petition as amended that the father negligently suffered and permitted his infant son to operate the truck in violation of the statute falls far short of stating a cause of action that the father negligently left the truck unlocked and accessible to use by his son after knowing that the child on many previous occasions had driven it contrary to his father's wishes and desires and and even against his orders.

As the petition did not state a cause of action on the ground that the father negligently left the truck ac-

cessible to his incorrigible child and as the proof did not make a case on the cause of action actually set out in appellee's pleading, to-wit, the family purpose doctrine, the court should have directed a verdict in favor of appellant. Dotson v. Peoples' Bank, 234 Ky. 138, 27 S. W. 2d 673.

The motion for appeal is granted and the judgment is reversed for proceedings consisten with this opinion.