[File No. 6917]

ROSINA SINERIUS, Appellant, v. CARL ANDERSON, State
Treasurer as Trustee for the State of North Dakota, Respondent.

(14 NW(2d) 230)

Opinion filed April 21, 1944

*Joseph Coghlan,* for appellant.

*Robert A. Birdzell* and *Olaf M. Thorsen,* for respondent.

Nuessle, J.   Plaintiff, claiming title to the Northwest Quarter of Section 20, Township 144, Range 88, in Mercer County, brought this action to determine adverse claims, for the recovery of the value of the use and occupation of the property, and for the value of property removed, pursuant to the provisions of §§ 8144 et seq, Comp. Laws 1913.   The defendant, as State Treasurer and trustee for the State of North Dakota, answering, denied the allegations of the complaint as to title and the right to recover for the use and occupation and for the property removed, and set forth that he held the title to the premises in question as trustee for the State of North Dakota by virtue of a quitclaim deed, executed by the plaintiff and her husband, and further, that he, as trustee, held an unsatisfied mortgage against the said premises.   In that behalf he set out the facts with respect to the acquisition of the said quitclaim deed and mortgage.

The case was tried to the court without a jury.   Testimony was offered in support of the contentions of the several parties.   The court

made findings of fact and conclusions of law favorable to the defendant and judgment was ordered and entered thereon.

Plaintiff thereupon perfected the instant appeal demanding a trial de novo. The facts briefly stated are as follows: The land in question was the government homestead of the plaintiff Rosina Sinerius. She occupied it with her husband and family. In 1927 she made a loan with the land as security through the Bank of North Dakota. The mortgage was assigned to the defendant Anderson's predecessor, as trustee for the State of North Dakota. Pursuant to the terms of this mortgage the plaintiff was required to make annual payments of principal and interest, keep the taxes paid, and the property insured. The mortgage provided that in case of default on the part of the plaintiff in these respects it might be foreclosed. Plaintiff failed and neglected to make the required payments for the years 1931, 1932, 1933, 1934, and 1935. She likewise failed and neglected to pay the taxes for the years 1931, 1932, 1933, and 1934 and to keep the buildings insured. The Bank of North Dakota, acting as agent for the trustee, made demand for the payment of the sums in default and that the taxes be paid. But these demands were not complied with. So, in October 1935, an agent of the bank visited the plaintiff and her husband on the farm and procured a quitclaim deed to the land in question, running to the State Treasurer as trustee. This arrangement was made pursuant to the provisions of chapter 182, Session Laws 1929, in lieu of foreclosing the mortgage on account of the several mentioned defaults. It was further agreed between the parties at that time that the defendant and her husband might remain on the land for the year 1936 and a written lease was executed to her husband to that effect. She signed as a witness to her husband's signature. Again, in March 1937, the Bank of North Dakota, acting as agent for the trustee, made a written lease to the plaintiff and her husband for the season ending October 1, 1937, pursuant to which they were to deliver a portion of the crop raised thereon and make a cash payment of ten dollars. They made this payment and delivered the agreed portion of the crop. She and her husband both signed this lease. Then a further lease was made to the defendant's husband for a term of years. He failed to comply with the terms of the lease and it was cancelled by the defendant and

an action to recover possession was brought in justice court. Trial was had. Judgment was rendered for the plaintiff in that case. Thereupon the plaintiff Sinerius and her husband entered into a written stipulation with the bank that they might remain on the premises until the spring of 1942, when they would surrender possession.

The plaintiff and her husband testified that while they executed the instrument (the deed under which defendant claims title) at the time and place as stated above, they did so in the belief that the same was and was to be considered and treated as a mortgage only and that it was taken by the trustee for the State in order to avoid the payment of taxes. They further testified that they possessed only a faulty knowledge of English and did not understand that the instrument signed was in form a deed. On the other hand, the Bank's agent testified that plaintiff and her husband said they would not be able to pay the amount of the loan and interest; that he carefully and fully explained the purpose and effect of the deed; that it was given in consideration of the release of all personal obligations which the plaintiff and her husband were owing to the Bank, and that they might retain possession of the premises for one year, rent free. His testimony is that he explained this, both in English, and in German the mother tongue of the plaintiff and her husband. This testimony was in the form of a deposition.

The only question of fact in the case, and the question on which the case turns, is as to whether the deed was in fact given as a mortgage as the plaintiff contends, or given pursuant to the arrangement as testified to by the Bank's agent. The trial court, who saw and heard the witnesses who testified in person before him, found for the defendant. Although the case is here for trial de novo the findings thus made are entitled to appreciable weight in our consideration of the record. See Christianson v. Farmers' Warehouse Asso. 5 ND 438, 67 NW 300, 32 LRA 730; Doyle v. Doyle, 52 ND 380, 202 NW 860; Stude v. Mittelstedt, 70 ND 161, 292 NW 625, and cases cited; State v. Williston, 72 ND 486, 8 NW(2d) 564. We have examined the record carefully and are of the opinion that there is no reason why we should overturn the findings as made by the trial court.

Accordingly, the judgment must be and it is affirmed.

MORRIS, Ch. J., and BURKE, BURR and CHRISTIANSON, JJ., concur.