[File No. 7139]

RUSSELL BRYAN and Waldo Bryan, a Copartnership Doing Business under the Firm Name and Style of Economy Cab Company, Appellants, v. ERVIN SCHATZ and Gottlieb Schatz, Respondents.

(39 NW2d 435)

Opinion filed September 23, 1949. Rehearing denied Oct. 31, 1949

*Murray & Murray,* for appellants.
*Hyland & Foster* and *John A. Zuger,* for respondents.

MORRIS, J. This is an action to recover damages to plaintiff's automobile resulting from a collision with another automobile driven by the defendant Ervin Schatz on the streets of the city of Bismarck about midnight of October 6, 1944. The defendant, Gottlieb Schatz, who was not present at the time of the accident owned the car that was being driven by his son Ervin, then about twenty-eight years of age. A jury was waived and the case was tried to the court who found that the damage to plaintiff's car resulted from the negligence of the defendant, Ervin Schatz, and further found that the defendant, Gottlieb Schatz, was not liable for such damages. From a judgment rendered in accordance with these findings the plaintiff appeals and demands a trial anew in this court under the provisions of Section 28–2732, RCND 1943. In appeals under that section we determine the facts upon the record presented here but in doing so give appreciable weight to the findings of the trial court. Thede v. Rusch, 65 ND 34, 256 NW 409; Sinerius v. Anderson, 73 ND

269, 14 NW2d 230; Schott v. Enander, 73 ND 352, 15 NW2d. 303; Kolb v. Kolb, 75 ND 181, 26 NW2d 484; Nichols v. Schutte, 75 ND 207, 26 NW2d 515; Agrest v. Agrest, 75 ND 318, 27 NW2d 697; Belt v. Belt, 75 ND 723, 32 NW2d 674.

The plaintiff contends that the defendant Gottlieb Schatz is liable for damages resulting from the negligent use of defendant's automobile by his son under the family purpose doctrine. Under that doctrine it may be generally stated that one who maintains an automobile for the pleasure and convenience of himself and his family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of the family. Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Sec 3111; Berry on Automobiles, 7th Edition, Vol 5, Sec 5.04; Cyclopedia of Automobile Law, Huddy, 9th Edition, Vol 7-8, page 324; Am Juris, Vol 5, Automobiles, Sec 365; CJS Vol 60, Motor Vehicles, Sec 433. This doctrine is applicable in North Dakota. Vannett v. Cole, 41 ND 260, 170 NW 663; Ulman v. Lindeman, 44 ND 36, 176 NW 25, 10 ALR 1440; Billingsley v. McCormick Transfer Company, 58 ND 921, 228 NW 427; Miller v. Kraft, 57 ND 559, 223 NW 190; Carpenter v. Dunnell, 61 ND 263, 237 NW 779; Harmon v. Haas, 61 ND 772, 241 NW 70, 80 ALR 1131; Posey v. Krogh, 65 ND 490, 259 NW 757.

The automobile in question was purchased by Gottlieb Schatz in 1941. At the time of the accident the members of his family living at home consisted of his wife, two daughters and four sons. The family resided on a farm near McClusky and about sixty miles northeast of Bismarck. Another son, the co-defendant in this action, had left home in 1942. He resided at Bismarck and held various jobs in that vicinity. When he left home he had a car of his own which he later sold. He married while living in Bismarck, but was not married at the time of the accident. He then lived in a room in which he kept his personal belongings. There was a disagreement between Ervin and his father at the time he left home. Ill feeling continued between them for some time but gradually dissipated, and Ervin occasionally visited at home. About two weeks before the accident

. Gottlieb Schatz went to Bismarck and got Ervin to come home to help with the threshing. He left most of his clothing and his belongings in his room in town and intended to be on the farm for but a short period. During that time he did not use the car in question for his own personal pleasure or business, but did drive it several times upon the business of the father or the family.

On the evening of October 6 Ervin asked and was refused the permission of his father to take the car to go to a dance at Regan. After the father had gone to bed Ervin took the car, which had been left standing outside with the ignition key in it, and accompanied by a sister drove to the dance. Ervin left his sister at the dance and later drove to Bismarck where he became intoxicated and involved in the accident. He did not return to work or live on the farm.

The controlling question of fact presented by this record is whether defendant Ervin Schatz at the time of the accident was a member of the family of Gottlieb Schatz so as to render the father liable for the negligent operation of the car under the family purpose doctrine. When the head of a family provides an automobile for the use and pleasure of the members of the family and permits them to use it at will, they become the agents of the head of the family for the purposes of such use which includes their own personal pleasure, and when they are so using the automobile the head of the family is liable to respond in damages for injuries resulting from their negligence under the doctrine of respondeat superior. The membership of the family is not determined by blood or marital relationship to the owner. The existence or non-existence of such a relationship is not determinative of the owner's liability. Neither is minority the test. These matters are circumstances to be considered along with other facts. "A son residing with his parents does not cease to be a member of the family merely by reason of the fact that he has arrived at his majority." Carpenter v. Dunnell, 61 ND 263, 237 NW 779.

It is further said in the same case, "The test is not whether the son is an adult or minor, but whether he was using the

car for a purpose for which the parent provided it, with authority, expressed or implied." See also Harmon v. Haas, 61 ND 772, 241 NW 70.

The plaintiff argues that the testimony of both defendants to the effect that the automobile was taken after permission to do so had been refused, should be disbelieved, and cites a number of cases in which it is held that under the circumstances existing in those cases, the jury might reject testimony of interested parties and accept the inference of agency created by the circumstances. In this case we are not dealing with the sufficiency of the evidence as a matter of law to sustain a verdict, but we are trying the facts anew upon a record that led the trial court to reject the plaintiff's contention.

A presumption of authority arises from the fact that Ervin Schatz was operating the automobile of his father. LaBree v. Dakota Tractor and Equipment Co., 69 ND 561, 288 NW 476. This is a rebuttable presumption. Carlson v. Hoff, 59 ND 393, 230 NW 294. It cannot prevail against the direct testimony of the defendants and circumstances which negative the inclusion of Ervin Schatz in the household and family of his father at the time of the accident.

In Adkins v. Nanney, 169 Tenn 67, 82 SW2d 867, it appears that an adult son was living with his father on a farm and assisting him with the farm work but was not subject to the father's control or dependent on him, and it was held that although the father at times permitted his son to use his car for business or pleasure the father was not liable for the negligent operation of the automobile under the family purpose doctrine.

In Creaghead v. Hafele's Administrator, 236 Ky 250, 32 SW2d 997, it appears that an adult daughter who was a college instructor in another city was spending her vacation at home, struck and killed a child while operating an automobile maintained by her father for his own use and that of his family. It was held that the father was not liable. Other cases of similar import are Bradley v. Schmidt, 223 Ky 784, 4 SW2d 703, 57 ALR 1100; Cole v. Wright, Tex Civ App, 18 SW2d 242; Hunter v. Irwin, 220 Ia 693, 263 NW 34.

It is clear from the evidence that Ervin Schatz severed his

relationship with members of the household of Gottlieb Schatz some three years prior to the accident. He maintained his own home and was no longer a member of the family group. During the period of his absence the car was not maintained for his use and benefit. When he returned to the farm to assist his father with threshing it does not appear that he resumed his position as a member of his father's household rendering and exchanging mutual gratuitous services with the other members. His position was more that of a hired man engaged in temporary employment rather than a member of the household. Such occasional use as he may have made of the automobile under his father's direction was in furtherance of the performance of his duties under the direction of his father rather than the exercise of a privilege as a member of the family. The group for which the home on the farm was maintained and for whose benefit the automobile was provided, did not include Ervin.

We reach the conclusion, as did the trial court, that no liability devolves upon the defendant, Gottlieb Schatz, by virtue of the fact that he owned the automobile which his son Ervin was operating at the time of the accident. The judgment is affirmed.

NUESSLE, C. J., and CHRISTIANSON and BURKE, JJ., and GRIMSON, Dist. J., concur.