DOUGLAS WAREHOUSE, INC., a Corporation, Plaintiff and Respondent,

v.

George VITKO, Defendant and Appellant.

Civ. No. 8559.

Supreme Court of North Dakota.

Sept. 21, 1970.

Arnason & Pearson, Grand Forks, for plaintiff and respondent.

William R. Mills, Bismarck, for defendant and appellant.

STRUTZ, Judge, on reassignment.

This action arises out of an oral agreement for hauling merchandise entered into by the parties. The plaintiff needed someone to haul its goods, and the defendant, who owned a truck and two trailers, desired employment as a trucker. The evidence is conflicting as to which party contacted the other, as is the evidence on most issues in the case. In any event, it is conceded by both parties that, early in 1962, the matter of having the defendant haul merchandise for the plaintiff's stores was discussed. The plaintiff asserts that the defendant offered to haul for the plaintiff at the rate of twenty-two cents a mile, and, realizing that this offer was too low, the plaintiff so advised the defendant. The plaintiff further contends that the parties finally agreed upon a rate of twenty-nine

cents a mile. The defendant, however, testified that no definite rate ever was agreed upon prior to the time the defendant began hauling goods.

To finance needed repairs to the defendant's truck and to pay off a number of his creditors, the plaintiff arranged for a loan of $11,000 which the plaintiff was required to guarantee. As security, the plaintiff required title to the truck to be transferred to it. Such transfer of title also was required in order to comply with rules and regulations of the Interstate Commerce Commission.

To keep an accurate record of defendant's hauling, a truck account was set up by the plaintiff. The defendant was paid seven cents per mile of travel for his personal needs, and his account was credited with each item of income, including income which the defendant received for hauling for third parties on back-hauls. The account also was debited with each item of expense. All income, over and above such expenses, was applied on the truck loan.

After the parties had operated under this arrangement for about one year, the defendant advised the plaintiff that he would have to be paid thirty-five cents per running mile for hauling plaintiff's goods. He further requested a $10 fee for each stop made at the various stores. This finally was agreed to. However, the testimony of the parties is in conflict as to whether the thiry-five cents per mile was to be paid on future hauling only, or, as defendant contends, it was to be applied retroactively to all hauling which had been done by the defendant from the beginning of their relationship. For more than one year, the defendant was paid and credited with thirty-five cents per mile of travel for the plaintiff. He contends that he made numerous demands for an accounting from the plaintiff during this period of time but that the plaintiff failed to give him an accounting. The secretary-treasurer of the plaintiff testified that, during this period, he supervised the bookkeeping for the plaintiff and that he periodically discussed the defendant's account with him, but that at no time until after the defendant had quit hauling for the plaintiff did he ask for an itemized statement of account.

At the time the parties terminated their relationship, the books showed that the defendant still owed a balance of $3,257.87 on the truck account. The plaintiff thereupon advised the defendant that the title to the truck would be returned to him on payment of this amount. The defendant, however, refused to make any payment, contending that he would have money coming from the plaintiff if he were credited with thirty-five cents per mile for hauling from the beginning of their relationship, as agreed. The plaintiff also retained the insurance policy on the defendant's truck, maintaining that, since title thereto was in the plaintiff's name but possession of the truck was in the defendant, liability could be incurred which the plaintiff might be obligated to pay.

The plaintiff then commenced this action for possession of the truck and for loss of use during the time the defendant had such possession after the agreement between the parties had been terminated. The defendant denied that the plaintiff was the owner of the property, and demanded transfer of the title from the plaintiff to himself. He further demanded, by way of counterclaim, payment of the sum of $7,000 claimed to be due him for mileage and wages under the defendant's version of the agreement of the parties.

The trial court held that the plaintiff was not the owner of the truck, as it contended, but that it was a pledgee and therefore not entitled to damages for loss of use. The court further found that the defendant had failed to sustain the burden of proof to establish that the plaintiff was to pay thirty-five cents per mile for all hauling by the defendant from the beginning of their relationship. The court

also found that a charge in the truck account for tires of $879.57 was excessive; that the plaintiff had offered no statement of proof that $320 of this amount was a proper charge; and that $320 therefore should be deducted from the charge for tires, leaving a net balance due the plaintiff of $2,937.87. The court further found that the plaintiff, as pledgee, was entitled to have the property redelivered to it as security for payment of such balance.

From the judgment entered decreeing that the plaintiff, as pledgee, is entitled to possession of the truck to secure the payment of $2,937.87 and dismissing the defendant's counterclaim, the defendant has appealed to this court, demanding trial de novo.

This case presents only questions of fact. The attorney for the defendant-appellant, in his brief, states: "This case does not have a dispute as to question[s] of law, but as to questions of fact." After reading the evidence, we agree with this conclusion of counsel. The testimony of the parties is in conflict on most points in controversy. After hearing the testimony, the trial court, in its memorandum opinion, stated: "There is no way for the Court to resolve the conflicting testimony."

■ This court, on the basis of this record, now is asked to reverse the decision of the trial judge, who heard the witnesses and who saw their demeanor on the stand. We have repeatedly held that where witnesses for both parties appear before the trial court and testify, appreciable weight must be given to the findings of the trial court. On such appeal, the findings of the trial court are not conclusive but must be given appreciable weight. Lee v. Lee, 70 N.D. 79, 292 N.W. 124 (1940); Sinerius v. Anderson, 73 N.D. 269, 14 N.W.2d 230 (1944); Agrest v. Agrest, 75 N.D. 318, 27 N.W.2d 697 (1947); Bryan v. Schatz, 77 N.D. 9, 39 N.W.2d 435 (1949); Ellison v. Ellison, 79 N.D. 46, 54 N.W.2d 656 (1952); Umland v. Frendberg,

63 N.W.2d 295 (N.D.1954); Renner v. Murray, 136 N.W.2d 794 (N.D.1965).

■ In reviewing the record on an appeal de novo, however, if the Supreme Court determines that the findings of the trial court are not sustained by the evidence, it becomes our duty to reverse or to modify the judgment. Verry v. Yuly, 73 N.D. 346, 15 N.W.2d 210 (1944).

As we review the record in this case, it is incumbent upon this court to determine whether the trial court's findings are sustained by competent evidence.

The trial court found that the plaintiff was not the owner of the property, as it claimed to be, but that it was a pledgee, entitled to possession as security for moneys due on the loan, the repayment of which the plaintiff had guaranteed. The defendant does not challenge this finding. He asserts, however, that there remains nothing due on the loan and that he is entitled to possession of the truck. In fact, he claims that he is entitled to judgment in the amount of $7,000 on the basis of thirty-five cents a mile for hauling done for the plaintiff, applying such rate to hauling from the beginning of the relationship.

On this point, the plaintiff's witnesses testified emphatically that the thirty-five-cents-per-mile rate was to be paid for hauling done only after the date upon which this figure had been agreed to. Thus we have a direct conflict in the evidence. The trial court heard the evidence, saw the witnesses testify, and watched their demeanor on the stand. Under such circumstances, this court gives appreciable weight to the findings of the trial court.

The only other matter at issue is an item of $25 per month which the plaintiff charged the defendant's truck account for keeping books and records of the defendant's hauling. The trial court disposed of this item by saying:

"The operation of a truck in transporting merchandise to and from various

other states obviously requires bookkeeping. It does not appear to the Court that the charge of $25.00 per month is unreasonable. * * * "

Realizing the vast amount of bookkeeping required in modern business, plus the fact that this bookkeeping included keeping records and accounts of defendant's hauling for persons other than the plaintiff on return trips, we find that the charge made was nominal.

This case re-emphasizes the importance of putting agreements into writing. If that had been done here, this lawsuit would have been unnecessary. However, it was not done, and a careful review of the conflicting evidence convinces us that the findings of the trial court are sustained by the evidence in the record. The judgment of the trial court therefore must be affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.