# CHARLESTON.

## S. C. BEARD v. GEORGE N. DAVIS.

### Submitted April 21, 1920.    Decided May 11, 1920.

MASTER AND SERVANT—*Husband, Authorizing Wife to Operate His Automobile, is Liable for Her Negligent Operation.*

If the owner of an automobile directs or authorizes his wife as his agent to operate the same in carrying him from their home to a railroad station and to drive the machine back, and in so returning she negligently and carelessly runs into or collides with the machine of a third person resulting in personal injury to him and damages his machine, the owner of the colliding machine is liable therefor upon the principle of respondeat superior and may be sued by the injured party without joining his wife as defendant in the action.

(LYNCH, JUDGE, absent).

Certified Questions from Circuit Court, Greenbrier County.

Action by S. C. Beard against George N. Davis. Plea in abatement rejected, and demurrer to declaration overruled on each count thereof, and questions certified.

*Affirmed.*

*Henry Gilmer,* for plaintiff.

*S. S. P. Patteson, Thos. N. Read* and *Wm. R. Thompson,* for defendant.

MILLER, JUDGE:

The questions certified involve the rulings of the circuit court rejecting defendant's plea in abatement and overruling his demurrer to the plaintiff's declaration and each count thereof.

The principle question is, may a husband be sued without joining his wife, for her alleged negligence not done in his presence in operating his motor car upon a public road for his accommodation and by his direction, doing injury to another person traveling thereon, without fault on his part?

The declaration avers defendant was owner of the car and that Mrs. Davis in the operation thereof was his wife and agent. The so-called second count, which is not in itself a complete count but rather an amplification of the matters averred in the first count or a bill of particulars filed therewith, avers that on the morning of the day of the injury defendant and his wife had traveled in said motor car from their home to the city of Hinton, that he might there take a train for another point; that she was an inexperienced driver, and was put in charge of the car as his agent and allowed and directed by him to drive the car back to their home, and in so returning negligently operated the car, doing the injury to the plaintiff and his car of which he complains.

Counsel for defendant says, as the common-law rule that a husband is liable for the torts of his wife prevails in this State, and when not done in his presence she must be sued along with him, the non-joinder of Mrs. Davis as defendant is fatal, and the suit should abate or be dismissed on demurrer.

But the declaration, while describing Mrs. Davis as defendant's wife, also charges that she was the agent of defendant, and the business in which she was engaged as specified in the second count, if the fact be as alleged, makes her his agent. While there is nothing in the relationship of husband and wife that makes her his agent for all purposes, yet she may become such by special authority given, or where the facts and circumstances or the

actions and conduct of the parties are such as to imply agency, he will be rendered liable jointly or severally for her torts committed in the discharge of his business, on the principal of respondeat superior. While the wife may in such cases be joined as a wrongdoer, the injured party may pursue the principal alone. *Crawford* v. *McElhinney,* 171 Iowa 606, 618; *Missell* v. *Hayes,* 86 N. J. L. 348; *Virginia Railway & Power Company* v. *Hill,* 120 Va. 397.

As applied to the operation of motor vehicles, some courts have gone to the extent of holding that when a husband and father buys an automobile for the benefit and pleasure of his family and authorizes or permits the members of the family or hires a chauffeur to operate it for him, he constitutes them his servants and agents for that purpose and becomes personally liable to others injured by their negligence, on the principle of agency. *Smith* v. *Jordan,* 211 Mass. 269; *Missell* v. *Hayes, supra;* Babbitt on the Law Applied to Motor Vehicles, (2nd ed.), §919, p. 598; Huddy on Automobiles, (5th ed.) §662, p. 863, and cases cited.

In this case we are not called upon to go to the extent of holding the husband and father liable in every instance for injury inflicted by the negligent operation of his car by his wife or other member of his family, for here the negligence averred was committed by the wife in connection with the special mission of the defendant. He placed her in charge of the car to do his bidding. Numerous recent decisions of the courts hold the husband liable in such cases to one injured by the act of his agent, on the principle of respondeat superior, not upon the ground of his common-law liability for the torts of the wife. *Vannett* v. *Cole,* (N. D.), 170 N. W. 663; and cases cited; *Hutchins* v. *Haffner,* (Col.), 167 Pac. 966; *Boes* v. *Howell,* (N. M.), 173 Pac. 966; *Lemke* v. *Ady,* (Iowa), 159 N. W. 1011; *McNeal* v. *McKain,* (Okla.), 41 L. R. A. (N. S.), 775: *Cox* v. *Hoffman,* 4 Dev. & Bat. (N. C.) 180.

The other criticisms of the declaration are unimportant or immaterial.

Our conclusion is that the rulings of the court on plea and demurrer were correct and should be affirmed and re-certified.

*Affirmed.*