LAMBERT MILLER, Respondent, v. A. KRAFT and Sebastian Kraft. A. KRAFT, Appellant.

(223 N. W. 190.)

Opinion filed January 19, 1929.

*John J. Coyle* and *Albert Weber,* for appellant.

E. R. Sinkler and G. O. Brekke, for respondent.

BURKE, Ch. J. This is an action for damages for injury in an automobile accident. There was a verdict for the plaintiff, and from a judgment thereon the defendant appeals. At the close of plaintiff's testimony the defendant moved for a dismissal of the action against A. Kraft, upon the ground that the testimony showed that the automobile at the time of the accident was driven by the defendant Sebastian Kraft, without knowledge of A. Kraft and against his expressed commands. At the close of all the testimony the motion was renewed, and being denied, the defendant then moved the court to direct a verdict for both defendants upon the ground that the evidence showed contributory negligence on the part of the plaintiff, which mo-

tion was overruled. After the verdict there was a motion for judgment notwithstanding the verdict, which was denied.

The defendant's first contention is that the evidence is insufficient to justify any verdict against A. Kraft. It appears from the evidence that the defendant, A. Kraft, is the owner of a Buick automobile; that at noon on the 17th day of November, 1924, the said A. Kraft drove from his home in the village of Karlsruhe to his store in said village and left his automobile on the south side of the store building, where it was to remain until he drove it home when his day's work was done; that the said automobile remained on the south side of said store building until sometime between nine and ten o'clock in the evening of said day; that along about that time the defendant Sebastian Kraft, son of A. Kraft, went to the automobile and being unable to start it called to his assistance three boys, two of whom were brothers of the plaintiff, and they started the engine by pushing the car, Sebastian Kraft holding the steering wheel. When the engine started two of the boys got in the back seat, the other got in the front seat with the defendant, Sebastian Kraft, and drove three blocks north, and one half mile east, then turned round, came back west on the same route, turning south and driving down the street on the right hand side.

The street is sixty-six feet wide, and across the street and a little to the south from defendant's store is a hardware store. In front of this store and on the right side of the street was a Ford coupe headed south, upon which the owner and the hardware merchant were making some repairs. There were no lights on the coupe, either in front or behind, but they were using a lantern on the front part of the car where they were working. Both doors of the coupe were open and the plaintiff testified: "I walked up to where the car was being repaired, I did not know the owner of the car. Nobody asked me to help, I just came and looked on, and he told me to go around and look to see if the generator was charging, and I went around on that side (the east side) and got hurt." On cross-examination he states: "I don't know if it was necessary, but I was standing on that side and it was the closest way to get there. I went around there probably about five or ten minutes. Mr. Grimm was working on the front end of the car. He was standing leaning over the fender with the hood up and was on the west side of the car. I didn't know whether the lights were switched

on or not. I was leaning in the front seat on the east side, but standing on the ground, my hips and legs outside the car. I had the door of the car open; while I was in that position I got struck by another car, and after the other car went by I was on the ground about the center of the street. It was a dark night; there was no moon."

The testimony of Sebastian and A. Kraft in reference to the automobile being at the south side of the defendant's store is not disputed and is corroborated by the testimony of Joe Miller, brother of the plaintiff, who says: "He called us up there to help him start the car and he told us he would give us a ride, so we jumped in the car and went about half a mile or three-quarters of a mile and came back."

The plaintiff claims that the defendant, with others, came to see him in the hospital, and while there the defendant told the plaintiff that he let the boy have the car that night to take them home. The defendant and witness Black, who was with him at the time, testified that there was no such conversation and no such statement was made by the defendant, and both defendants testified that the boy wanted the automobile that night and the father refused him, but the boy took it without his consent or knowledge and against his command to leave the car alone.

It is also undisputed that about nine o'clock in the evening of the day of the accident the boy asked his father for the automobile to take a ride and was emphatically refused; that when his father was working on the books in the back end of the store he went out, and with the help of others took the car without the knowledge of his father and against his command to leave the car alone; that Karlsruhe is an unincorporated village with no street lights; that the automobile had but one light; that a bolt was broken which affected the steering gear; the self-starter was not operating; that on the return trip the defendant Sebastian Kraft was watching the front of the store as they passed, hoping, as Sebastian testified, to get the automobile back before his father found out that he had taken it; that none of the boys in the car saw the coupe, as all were watching the front of defendant's store; the testimony of A. Kraft that one reason why he would not let the boy have the car for a ride was on account of its being out of repair; that immediately after the accident A. Kraft appeared on the scene, and as Sebastian Kraft testified, "he bawled me out for taking the car."

That A. Kraft refused to let the boy have the car when it was so badly out of repair is reasonable; that he let the boy have the car and immediately after the accident "bawled him out for taking it" is highly improbable, while the fact that all the boys in the car were watching the front end of A. Kraft's store is a circumstance indicating that the car had been taken without permission, and they were trying to get it back before A. Kraft closed the store. Then there is the physical fact that A. Kraft drove the car and parked it at the store. It was not necessary to send the boy for it, or to let the boy have it to bring him home, it was already there, besides the boy could not start the car, and his father could. Against all of this testimony, there is the testimony of the plaintiff, that when A. Kraft was at the hospital he told him that he let the boy have the car that night to bring him home, and upon this statement and the "family car doctrine" the plaintiff's right to recover as against A. Kraft rests.

Under § 4439, Comp. Laws 1913, "neither parent nor child is answerable as such for the act of the other," and to hold the father liable for the act of the son it must appear from the evidence that the son was using the car in his father's business as the agent or the servant of the father.

"The liability of the owner of a motor vehicle for damages caused by the negligent operation thereof by another rests upon the doctrine of agency expressed or implied." Huddy, Auto. § 743.

Blashfield, Cyclopedia of Automobile Law, states, the "family purpose rule" to be: "Although the head of a household may buy a car for the general use of the members of his family, he nevertheless retains the right to deny its use to any member whenever he sees fit, and, when he does so, he cannot be held liable if some member surreptitiously takes the car, and negligently operates it to the injury of another." Huddy, Auto. § 782; Berry, Auto. §§ 1287, 1288; Hopkins v. Droppers, 191 Wis. 334, 49 L.R.A. 1519, 210 N. W. 684; Whitehorn v. Mosier, 119 Okla. 155, 245 Pac. 553; Guthrie v. Missouri P. R. Co. — Mo. App. —, 279 S. W. 210; Dougherty v. Woodward, 21 Ga. App. 427, 94 S. E. 636; Sultzbach v. Smith, 174 Iowa, 704, L.R.A.1916F, 228, 156 N. W. 673; Linville v. Nissen, 162 N. C. 95, 77 S. E. 1096; Wilson v. Polk, 175 N. C. 490, 95 S. E. 849; Way v. Guest (Tex.

Civ. App.) 272 S. W. 217; Johnston v. Cornelius, 193 Mich. 115, 159 N. W. 318; Kitchen v. Weatherby, 205 Ill. App. 10.

In Sultzbach v. Smith, 174 Iowa, 704, L.R.A.1916F, 228, 156 N. W. 673, it was held that the owner of an automobile is not liable for an injury inflicted by the son in negligently operating the car without his father's knowledge, and against his express command, although the father permitted the son to use the car at certain times and knew of his taking it at forbidden times.

In the case of Way v. Guest (Tex. Civ. App.) 272 S. W. 217, the daughter took the car without the knowledge or consent of the father, and the court held, that the father was not liable.

From the undisputed testimony and the physical facts, it does not seem possible that reasonable minds can doubt that in the instant case the boy did not take the car and use it in his father's business as his agent or servant, however, a majority of the members of this court are of the opinion that there should be a new trial of the question of the father's liability.

Assuming that the defendant Sebastian Kraft was negligent, was the plaintiff guilty of contributory negligence? In the recent case of Gausvik v. Larsen-Richter Co. 55 N. D. 218, 212 N. W. 846, this court said: "Where the driver of an automobile had occasion to stop on a highway in the nighttime on account of a temporary disability to proceed, and where, in so doing, he parked the car on the extreme right side of the graded highway, such car being equipped with a functioning tail light, and where a collision resulted between his car thus parked and another proceeding in the same direction, it is held, that the questions of negligence and contributory negligence are questions of fact for the jury." In the case of Gausvik v. Larsen-Richter Co. supra, there was a conflict in the testimony. The plaintiff testified that when he discovered he was out of gasoline he drove to the right hand side of the road, got out and walked around the car to see if the lights were burning, and if he was far enough out off the road so that he would be safe, and he said the tail lights were burning. The defendant testified that there was no tail light on the car, thus making a direct conflict in the testimony, and it was for the jury to decide.

This is not a case where an automobile stalls on the highway and was therefore necessarily there. The testimony is that a traveling

man, whom nobody seems to know, drove up in front of the hardware store, said his generator was not working and asked Mr. Grimm to fix it. At least six men, including the plaintiff, gathered around that little Ford coupe. All of them, except the plaintiff, were between the coupe and the hardware store. The plaintiff was on the other side of the car in the street. Both doors of the car were open. It does not appear who opened them, but certainly it was not necessary to open the door on the street side. Sebastian Kraft saw the car there in the evening and says that as he drove down the street he did not see it, as he was watching the front of his father's store on the other side of the street, but that he thought he would miss it, and he would have missed it, if the door of the street side had been shut. In the instant case neither plaintiff nor the defendant, Sebastian Kraft, paid the slightest attention to the highway. The plaintiff while standing in the street without looking to see whether the coupe had lights, without looking either way or using any of his senses stuck his head and shoulders into the coupe, leaving his legs and feet extending into the street. Had he looked he would have seen the Kraft car as it had one light, and there would have been no accident, but if there was, it would then be a question for the jury.

On the question of the negligence of the plaintiff and the defendant there is no dispute. It appears affirmatively in the testimony of the plaintiff, and the defendant that both were negligent, and in the opinion of the writer their concurrent negligence was the proximate cause of the accident and the plaintiff cannot recover. Supplement Cal. Jur. 1928, § 80, "Automobiles;" Gaster v. Hinkley, 85 Cal. App. 55, 258 Pac. 988; Straten v. Spencer, 52 Cal. App. 105, 197 Pac. 540; Cook v. Miller, 175 Cal. 500, 166 Pac. 316; Dimuria v. Seattle Transfer Co. 50 Wash. 633, 22 L.R.A.(N.S.) 471, 97 Pac. 657. In the last case the court said: "A pedestrian who, without looking for teams or vehicles, or taking any precautions for his own safety, is guilty of such negligence that, in case he is struck by a team driven on the street, he cannot hold its owner liable for his injuries."

Lett v. Summerfield & Hecht, 239 Mich. 699, 214 N. W. 939; Berry, Auto. § 237; Huddy, Auto. § 583. "A showing that a pedestrian failed to look for an approaching vehicle is the familiar ground upon

which a recovery is denied." Supplement Cal. Jur. 1928, § 84, subject Automobiles, and cases cited.

In the recent case of Evans v. Orttenburger, 242 Mich. 57, 217 N. W. 753, the court said: "The law requires that normal persons of mature years possessed of their faculties should exercise them for their own protection. This the plaintiff failed to do, but relied on the assumption that 'in a business place things are supposed to be safe.'" In Larned v. Vanderlinde, 165 Mich. 464, 131 N. W. 165, the following language is applicable: "One is negligent if he allows such a flight of stairs to escape his notice, from no other reason than mere inattention to his surroundings." In Stewart v. Olson, 188 Wis. 487, 44 A.L.R. 1292, 206 N. W. 909, the court said: "When it appears from the plaintiff's undisputed evidence in an action by a pedestrian seeking damages for injuries by an automobile, that he was wanting in ordinary care, the question is one of law for the court and not for the jury." Since the doctrine of comparative negligence does not obtain in this jurisdiction it does not seem possible that reasonable minds can differ upon the question of plaintiff's negligence, or that it contributed to his injury. The doctrine of last clear chance cannot be invoked as it is conclusively proven that the defendant, Sebastian Kraft, was watching the front of his father's store and did not see the defendant. However, a majority of the members of this court are of the opinion that since the evidence does not show just where the Ford coupe was located in the street, and the plaintiff was in the center of the street immediately after the accident that there should be a new trial. The judgment of the trial court is reversed and the case is remanded for a new trial with costs.

BURR, CHRISTIANSON, NUESSLE, and BIRDZELL, JJ., concur.