[File No. 5934.]

EMMA L. CARPENTER, Respondent, v. WILLIAM DUNNELL and Erwin Dunnell. WILLIAM DUNNELL, Appellant.

(237 N. W. 779.)

Opinion filed July 22, 1931.

*Nestos, Herigstad & Stenersen,* for appellant.
*Halvor L. Halvorson* and *Ben A. Johnson,* for respondent.

BURKE, J. This is an appeal from an order overruling a demurrer to the plaintiff's complaint.

It is the contention of appellant that the complaint does not state facts sufficient to constitute a cause of action against the defendant, William Dunnell. The allegation in the complaint charging the defendant, William Dunnell, with liability reads as follows: "That the automobile operated by the defendant Erwin Dunnell, was a 1927 Pontiac Sedan owned by defendant William Dunnell and used by the defendant, Erwin Dunnell, a son of William Dunnell, 24 years of age, residing with the said William Dunnell as a member of his family, with the permission and consent, as well as the implied direction of the said William Dunnell, said car being used by the defendant as a

family car and furnished by the defendant, William Dunnell, to the said Erwin Dunnell, for use as a pleasure car and family conveyance. That said Erwin Dunnell operated the said car with the full consent· and knowledge and approval of the said defendant William Dunnell, the owner of said car and for the pleasure of the said Erwin Dunnell." In this paragraph it is alleged that William Dunnell is the owner of the car, that it was used by the defendant as a family car and furnished by the defendant William Dunnell to Erwin Dunnell for use as a pleasure car and family conveyance; that Erwin Dunnell at the time was a member of the family of the said William Dunnell, residing with the said William Dunnell, and was at said time using the car as a family car with the permission and consent and implied direction of the said William Dunnell. We are of the opinion that the allegation in this paragraph sufficiently charge the defendant William Dunnell, with liability under the "family car doctrine" to which this court is committed in the case of Ulman v. Lindeman, 44 N. D. 36, 10 A.L.R. 1440, 176 N. W. 25; Vannett v. Cole, 41 N. D. 260, 170 N. W. 663. It is the further contention of the appellant, that the liability under the family car doctrine ought not to include an adult son.

In states which have adopted the family purpose car doctrine the rule is stated as follows: "The family group is not necessarily confined to persons related to the owner. It embraces all members of a collective body of persons living in his household, for whose convenience the car is maintained and who have authority to use it. A son residing with his parents does not cease to be a member of the family merely by reason of the fact that he has arrived at his majority. The test is not whether the son is an adult or minor, but whether he was using the car for a purpose for adult or minor, but whether he was using the car for a purpose for which the parent provided it, with authority, expressed or implied." Smart v. Bissonette, 106 Conn. 447, 138 Atl. 365, 27 N. C. C. A. 525; Watson v. Burley, 105 W. Va. 416, 64 A.L.R. 839, 143 S. E. 95; 8 Huddy, Cyc. Auto. Law, § 125, p. 325.

"Obviously the basis of liability is the master-servant relationship and not that on consanguinity. The owner of the car may be the 'paterfamilias,' the head of the household, who maintains the car for

the general use and convenience of his family, but the family group is not necessarily confined to those of his own kindred; it includes all those members of the collective body of persons living in his household for whose convenience the car is actually maintained and who have general authority to use it." Smart v. Bissonette, 106 Conn. 447, 138 Atl. 365, 27 N. C. C. A. 525.

The order overruling the demurrer is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BIRDZELL, JJ., concur.