[File No. 7198.]

HARVEY F. BRAATEN, Respondent v. JOSEPH GRABIN-SKI, and LEONARD GRABINSKI, Appellants.

(43 NW2d 38)

Opinion filed June 16, 1950.   Rehearing denied July 18, 1950.

*Day, Lindberg, Stokes, Vaaler & Gillig,* for appellants.

*Wm. T. DePuy,* for respondent.

MILLER, District Judge. Plaintiff seeks to recover of defendants for damage to his automobile sustained on June 6, 1945, as the result of an accident in which plaintiff's car was driven by one Stuart Murphy, with his consent, and the car of Joseph

Grabinski, defendant, was driven by Leonard, his son, a minor then of the age of eighteen years and a member of the owner's family. Plaintiff's car was being driven in a southerly direction on state highway number 44 on the right-hand side thereof at a speed of forty-five miles per hour. When the driver was within two blocks of a highway intersection he saw defendant's car approaching from the east at about ten miles per hour and slowing almost to a stop. Mr. Murphy honked his horn, removed his foot from the gas pedal and when he was within twenty-five feet of the intersection, concluded that defendant did not intend to stop. He was then traveling at thirty miles per hour, applied his brakes and again honked his horn. The cars collided, damaging both. The view of either driver was not obstructed. An examination of the road afterwards disclosed that plaintiff's car wheels had skidded as a result of applying the brakes, while defendant's car wheels skidded about two feet. Leonard testified that he saw plaintiff's car when a hundred and twenty-five yards away, which was the only time he saw it, that he did not step on the brakes until the time of the accident and that it was his fault. His father said: "Yes, it is our fault." Mr. Braaten quoted Leonard as saying: "I didn't see you. I didn't expect anybody coming. I didn't even look so I didn't see you coming." Both defendants interposed answers alleging general denials and contributory negligence on part of the plaintiff. Defendant Joseph Grabinski also set up a counterclaim for the damages to his car, alleging negligence on part of the plaintiff. The case was tried by the Court without a jury, resulting in a judgment for plaintiff from which defendants appeal and demand a trial de novo.

The first question for determination is whether the defendant Leonard Grabinski was negligent in the operation of his father's car and was such negligence, if any, the proximate cause of the damage to plaintiff's car. There is no material conflict in the testimony. Leonard saw plaintiff's car approaching when a hundred and twenty-five yards away, but paid no further attention to it. As this defendant approached the road intersection, he reduced the speed of his car almost to a stop and then con-

tinued to cross the state highway number 44 into plaintiff's car, without applying his brakes until about the time of impact. Defendant admitted his fault. Plaintiff's car was on defendant's right, but the record is silent as to which driver entered such intersection first. Having collided in the center of the intersecting roads, it must be assumed that they approached such intersection at about the same time.

"The following rules shall be applicable to the right-of-way of vehicles:. 1. When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. . . ."

Sec 39–1017 RCND 1943.

Upon the record before us, it is held that Leonard Grabinski was guilty of negligence which proximately caused the damage to plaintiff's car and which damage is found to be the sum of $350.

When plaintiff and his driver saw the defendant approaching the intersection and reducing his speed as he did so, they had a right to rely upon the assumption that he would obey the law and yield the right-of-way. Zettle et al. v. Lutovsky, 72 ND 331, 7 NW2d 180.

The plaintiff's driver, however, in relying upon a statutory right-of-way must exercise due care and may not continue to rely upon it after circumstances develop from which a reasonable person would conclude that the driver of another vehicle approaching the intersection did not intend to yield. Zettle et al. v. Lutovsky, supra.

Plaintiff's driver when within twenty-five feet of the intersection concluded that defendant did not intend to so yield and immediately applied his brakes to such extent as to cause the wheels of the car to skid. He remained on his righthand side of the road. His speed was then thirty miles per hour and not in excess of the limit provided by Sec 39–0902 of the 1949 Supplement to RCND 1943. The driver of plaintiff's car was not careless nor can it be held that his conclusions with respect to the approaching car were unreasonable or erroneous.

There is no evidence supporting the defense of contributory negligence on part of the plaintiff.

Defendant Joseph Grabinski owned and maintained the car driven by his son Leonard for the general use, pleasure and convenience of his family, and his son Leonard had general authority to so use such car at the time of the accident.

Following Ulman v. Lindeman, 44 ND 36, 176 NW 25 and Carpenter v. Dunnell et al., 61 ND 263, 237 NW 779, adopting the family car doctrine, the defendant Joseph Grabinski also is liable for the damages sustained by plaintiff.

The amount of damages adjudged by the Trial Court was also $350, but the Clerk in entering judgment included interest in the sum of $69.66. This is assigned as error.

"Every person who is entitled to recover damages certain or capable of being made certain by calculation, the right to recover which is vested in him upon a particular day, also is entitled to recover interest thereon from that day, except for such time as the debtor is prevented by law or by the act of the creditor from paying the debt." Sec 32–0304 RCND 1943.

"In an action for the breach of an obligation not arising from contract . . . interest may be given in the discretion of the jury." Sec 32–0305 RCND 1943.

The amount of damages sought to be recovered by plaintiff was not fixed or capable of being made certain by calculation and until such amount had been determined no interest could be computed.

The obligation breached by defendant did not arise from contract, and therefore interest was allowable in the discretion of the jury,—in this case by the Court. No interest was allowed.

The judgment must be supported by and conform to the decision with respect to the allowance of interest. 49 CJS 146, 33 CJ 1177.

Defendant urges that he is entitled to judgment upon his counterclaim because of plaintiff's failure to reply thereto, and cites Sec 28–0740 RCND 1943, which provides in part that "Every allegation of new matter in the answer, constituting a

counterclaim not controverted by the reply . . . shall be taken as true."

Other sections applicable in default matters are:

"If the answer contains a statement of new matter constituting a counterclaim, and the plaintiff fails to reply or demur thereto within the time prescribed by law, the defendant may move, on a notice of not less than ten days, for such judgment as he is entitled to upon such statement, and if the case requires it, damages may be assessed as provided in section 28–0904." Sec 28–0909 of 1943 RC.

"Except as otherwise provided in section 28–0903, the court, before rendering judgment upon default, shall require such proof as may be necessary to enable it to determine the relief, if any, to which the plaintiff may be entitled. To this end the court may: 1. Hear the evidence and assess the damages." Sec 28–0904 RCND 1943.

"If the action is one for the recovery of money only and is founded upon a written instrument, judgment shall be rendered upon proof of such default and the production of such written instrument. . . ." Sec 28–0903 RCND 1943.

Under the foregoing, a distinction exists between an action for the recovery of money founded upon a written instrument and one for the recovery of an unliquidated claim. In the former, judgment shall be rendered upon proof of default and the production of the written instrument, whereas, in the latter, proof must be submitted to enable the court to determine the relief, if any, and the damages, if any, which the party may be entitled to recover.

"A default operates as an admission by the defendant of the truth of the cause of action as set forth in the plaintiff's pleading, but not as an admission that the facts alleged are in law sufficient to constitute a cause of action." 49 CJS 357, see also, 34 CJ 173.

The burden was upon the defendant to prove a cause of action under his counterclaim and since there is no evidence in the record proving the plaintiff guilty of any negligent act which con-

tributed to or caused the damage to his car, he is not entitled to recover, regardless of the absence of a reply.

Defendants further contend that the judgment for plaintiff was not warranted under his complaint, wherein it was alleged that the accident occurred on June 8, 1945, whereas the evidence is to the effect that it happened on June 6, 1945. Plaintiff had asked for and was granted permission to amend without objection, but never actually filed an amended complaint. Such omission, however, is immaterial in this case. Defendant Joseph Grabinski alleged in his answer that the accident occurred on June 6, 1945, and throughout the trial there was no dispute as to the true date. The rights of either party have not been prejudiced and hence the variance is not material.

"The court, in every stage of an action, shall disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party and no judgment shall be reversed or affected by reason of such error or defect." Sec 28-0742 RCND 1943.

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it actually has misled the adverse party to his prejudice in maintaining his action or defense upon the merits. . . ." Sec. 28-0743, RCND 1943.

The case is here for trial de novo. We must find the facts from that record and give the findings of the Trial Court appreciable weight although they are not clothed with the same presumption of correctness as in other cases. Cretors v. Troyer, 63 ND 231, 247 NW 558; Merchants National Bank v. Armstrong, et al., 54 ND 35, 208 NW 847; Fargo Paint & Glass Co. v. Smith, 66 ND 389, 266 NW 100.

We are of the opinion, upon the whole record, that the judgment of the Trial Court is well sustained by the evidence and should not be disturbed except to eliminate the item of interest included therein, and as so modified, is affirmed.

NUESSLE, C. J., CHRISTIANSON, BURKE, and MORRIS, JJ., concur.