Richard J. BROWER, Plaintiff and
Respondent,

v.

Gerald E. STOLZ, Defendant and Appellant,

and

Emma Brower, Additional Defendant
on Counterclaim.

No. 8043.

Supreme Court of North Dakota.

April 25, 1963.

Rittgers & Granner, Jamestown, for appellant.

Erickstad & Foughty, Devils Lake, for respondent.

TEIGEN, Judge.

The plaintiff in this action seeks to recover damages to his automobile as the result of an intersectional collision with a panel truck owned and operated by the defendant. It was alleged in the complaint that the collision was proximately caused by the negligence of the defendant. The plaintiff's automobile was operated by his wife and the plaintiff was not present. The defendant moved to have the plaintiff's wife brought in as a party defendant under Rule 13(h), N.D.R.Civ.P., and this was ordered by the court. The defendant answered the complaint and counterclaimed against the plaintiff's wife and the plaintiff for his damages. In defendant's answer he admits the accident occurred and denies the rest of the allegations of the plaintiff's complaint and asserts that the negligence of the plaintiff contributed proximately to the collision. In his counterclaim defendant affirmatively alleges that the negligence of the plaintiff's wife, in the operation of plaintiff's automobile, proximately caused the collision. He also affirmatively alleges that plaintiff kept and maintained the said automobile for family purposes and that the same was being operated by the plaintiff's wife under the family purpose doctrine at the time of the collision. Defendant prays that the plaintiff's complaint be dismissed and that he have judgment against the plaintiff and his wife for his damages. The plaintiff and his wife separately replied and answered to the defendant's counterclaim. The plaintiff's wife cross claimed against the defendant for personal injuries which she alleges she sustained as a result of the collision. The issues were joined, a jury was waived and the entire case was tried to the court. The trial court found for the plaintiff and against the defendant for the damages to the plaintiff's automobile. It dismissed the defendant's counterclaim and the plaintiff's wife's cross complaint against the defendant.

The defendant has appealed from the judgment in favor of the plaintiff and against the defendant for damages to the plaintiff's automobile. No appeal has been taken from the judgment dismissing the defendant's counterclaim or the plaintiff's wife's cross complaint.

The defendant's specifications of error and argument may be summed up as follows: (1) Insufficiency of the evidence to show actionable negligence on the part of the defendant, and (2) The evidence affirmatively shows that the plaintiff's wife, driver of plaintiff's automobile, was guilty of contributory negligence which was imputable to the plaintiff.

The collision occurred about 1:10 p. m., July 24, 1959, at the intersection of Fourth Street Northwest and Second Avenue Northwest in Jamestown, North Dakota. The plaintiff's wife, driving plaintiff's automobile and accompanied by their daughter and her friend who were student nurses at Jamestown College, was en route from the college campus to the Crippled Children's Home. The plaintiff's vehicle was proceeding in a westerly direction on Fourth Street Northwest and the defendant's truck was proceeding north on Second Avenue Northwest. These two streets intersected and the accident occurred near the center of said intersection. Contact was made with the right front of defendant's vehicle and the left front of plaintiff's vehicle. Both vehicles then veered northwesterly and stopped before coming to the northwest corner curb of the intersection. In this process the vehicles again made contact with each other at the rear, the right rear fender of defendant's vehicle and the left rear fender of plaintiff's vehicle making contact. Thus the damage to the two vehicles as a result of the two impacts was

to the right front corner and right rear corner of the defendant's vehicle and the left front corner and the left rear corner of the plaintiff's vehicle. It was an open intersection without traffic signs controlling the movement or speed of vehicles. Both streets were paved and dry and no slippery conditions existed.

The plaintiff's wife did not apply the brakes and left no skid marks. The defendant applied his brakes and laid down skid marks for a continuous distance of 26 feet and 11 inches up to the point of impact. Both drivers testified they were traveling less than 20 miles per hour upon entering the intersection. The defendant admits he saw the plaintiff's automobile when he was approximately 50 feet south of the intersection. Plaintiff's wife testified she did not see the defendant's vehicle until it was within a yard of the automobile she was driving. The intersection was located in a mixed residential and commerical area. A large brick building occupied as a truck and body shop was located on the corner common to both vehicles as they entered the intersection. On the west side of the building automobiles were parked on the avenue diagonally. The north side of the building was located 24 and one-half feet from the curb. The evidence does not disclose the distance of the building from the curb on the west but, according to pictures admitted in evidence, it appears to be located adjacent to the sidewalk.

According to an exhibit, the street upon which plaintiff's wife was driving was 32 feet in width. One-half thereof is 16 feet. The collision occurred at about the center of the intersection. Thus the defendant, who laid down skid marks of 26 feet and 11 inches, skidded 10 feet and 11 inches before he entered the intersection. Considering reaction time to apply his brakes, the defendant must have realized his perilous position at some earlier point. He testified he saw the plaintiff's automobile when he, the defendant, was about 50 feet back from the intersection. He placed his foot on the brakes and started to slow down but did not attempt to stop because it seemed the plaintiff's wife, in the operation of the automobile, hesitated. The defendant testified in answer to questions propounded by the court as follows:

"THE COURT: Did you stop or slow up when you came up to that corner?

"THE WITNESS: The second I seen her I hit the brake to slow down.

"THE COURT: You hit the brake to slow down. When you saw her where? You said you saw her 50 feet back.

"THE WITNESS: Well, you could see a car and then you could see it moving so I suppose you couldn't actually see her that far back.

"THE COURT: You didn't hit your brakes when you first saw her 50 feet back?

"THE WITNESS: No.

"THE COURT: No. You hit the brakes after you saw there was going to be a collision?

"THE WITNESS: After I seen her coming in. That's right.

"THE COURT: And, as a matter of fact, did you figure she had the right of way?

"THE WITNESS: Well, to my right; yes.

"THE COURT: What is that?

"THE WITNESS: That is why I stopped. She was to my right.

"THE COURT: You figured she had the right of way. Why didn't you stop before you had to put on your brakes so hard then?

"THE WITNESS: Well it looked like she was hesitating."

The general rules of the road provide:

"When two vehicles enter an intersection from different highways at ap-

proximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." Section 39–10–22(2), N.D.C.C.

■ In Knudsen v. Arendt, 79 N.D. 316, 56 N.W.2d 340, we held:

"Vehicles approach an intersection at approximately the same time when there is imminent danger of collision at some point within the intersection, if each maintains its established course and speed."

We also stated in the body of the opinion:

"The words 'at approximately the same time' do not mean 'at precisely the same instant' and in order for a vehicle entering an intersection from the left to secure a right of way by possession under subsection 3 of Section 39–1017, NDRC 1943, it must enter the intersection a sufficient interval of time ahead of a vehicle approaching from the right, so that it may be said the vehicles did not enter at approximately the same time. Such an interval must be of appreciable duration."

■ Plaintiff's vehicle clearly had the right of way and the defendant failed to yield the right of way as he was required by the statute. This constituted negligence and was the proximate cause of the collision.

■ The trial court found that the defendant's vehicle was traveling at "a good rate of speed" and that the physical facts indicate "a greater speed than the legal rate in Jamestown." He then found that the plaintiff's automobile had the right of way and that the collision was caused by the negligence of the defendant. In the trial of the case to the court without a jury this court will give the trial court's findings appreciable weight. Umland v. Frendberg (N.D.), 63 N.W.2d 295. This is especially true when the findings are based on testimony of witnesses who appeared in person

before the trial court. Knell v. Christman, 79 N.D. 726, 59 N.W.2d 293. We believe the trial court was correct.

■■ The major portion of appellant's argument is devoted to the contention that the plaintiff's wife, who was the operator of the plaintiff's automobile at the time of the accident, was guilty of contributory negligence which proximately contributed to the accident. He argues that the facts establish that she did not keep a proper lookout. The defendant has overlooked the fact that the plaintiff was not present and that his automobile was being operated by his wife. The family purpose doctrine has no application to a case where the owner of a family automobile seeks to recover for damages proximately caused by the negligence of the operator of another automobile, even though the family member driver may have been contributorily negligent. This principle was established by this court in Michaelsohn v. Smith, (N.D.), 113 N.W.2d 571, in which case we held:

"Family purpose doctrine has no application to a case where the owner of a family automobile seeks to recover for injuries proximately caused by the negligence of the operator of another automobile, even though the family member driver of the owner's automobile was also negligent."

In that case we held that the negligence of the owner's son in operating the owner's automobile was not imputable to the owner in an action by the owner for recovery of damages to his automobile when it was operated by a member of his family under the family purpose doctrine.

The judgment appealed from is affirmed.

MORRIS, C. J., and BURKE and STRUTZ, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of the submission of this case, did not participate.