William ZARAK, Plaintiff and Appellant,
Caroline Messersmith, Plaintiff,

v.

Walter R. HJELLE, State Highway Commissioner of the State of North Dakota,
Defendant and Respondent.

Civ. No. 8405.

Supreme Court of North Dakota.

Feb. 29, 1968.

Freed, Dynes & Malloy, Dickinson, and Floyd B. Sperry, Bismarck, for plaintiff and appellant.

Helgi Johanneson, Atty. Gen., by Myron E. Bothun, Sp. Asst. Atty. Gen., Bismarck, for respondent.

TEIGEN, Chief Justice.

This is an appeal by one landowner from a judgment entered in his favor and that of one of his co-owners, in a condemnation proceeding brought by the state highway commissioner to acquire certain real property for highway purposes. No statement of the case is settled and the record in this court consists of the judgment roll which does not include the transcript of the evidence adduced at the trial, nor the exhibits that may have been introduced in evidence.

To acquire possession of the land, the highway commissioner offered to purchase the desired right of way from the landowners. The amount of the offer was deposited with the clerk of the district court in the county where the land is situated. The appellant and his co-owner, (they owned a ¾ interest), appealed therefrom to the district court pursuant to Section 14 of our constitution asking that a jury determine the damages resulting from the state's taking of the land. The verdict was returned in their favor, and judgment was entered upon the court's order in the amount of the verdict, plus interest, costs and disbursements, appraisers' fees, engineers' fees and attorneys' fees. It is from this judgment that the appeal is taken by one of the landowners named as the appellant herein.

The order of the trial court refusing to settle the statement of the case because of delay, was affirmed by this court in Zarak v. Hjelle, 154 N.W.2d 377 (N.D.).

■ There being no settlement in this case, there is no evidence before this court for review. Where there is no settled statement of the case, this court is limited in its review to matters appearing on the face of the judgment roll. Martin v. Rippel, 152 N.W.2d 332 (N.D.); Compson v. Olson, 75 N.W.2d 319 (N.D.); Brand v. Brand, 65 N.W.2d 457 (N.D.); Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99; Isensee Motors v. Godfrey, 61 N.D. 435, 238 N.W. 550.

■ The case was tried to a jury and the judgment was entered upon its verdict. There are no findings of fact or conclusions of law made by the trial judge. Therefore, our review is further limited.

The specifications of error served with the notice of appeal to this court, are of such a nature they must be evaluated in the light of the proceedings at the trial. This cannot be done in the absence of a transcript. Therefore, it is obvious we cannot determine on the limited record before us whether error was committed. Error is never presumed on appeal. It must be affirmatively shown by the record and the burden of so showing is on the party alleging it. Collette v. Matejcek, 146 N.W.2d 156 (N.D.); Grenz v. Werre, 129 N.W.2d 681 (N.D.); Lindsay v. Teamsters Union, Local No. 74, 97 N.W.2d 686 (N.D.); and Mills v. Roggensack, 92 N.W.2d 722 (N.D.).

Counsel for the appellant in his argument to this court maintains the judgment roll affirmatively shows the existence of the error alleged in specification #2 served with the notice of appeal. This specification alleges:

"That the trial court erred in refusing and denying Plaintiff and Appellant the right to prove severance damages and costs and values, as well as other items had in connection with other lands owned by the Plaintiff and Appellant which were farmed and operated in connection with the property which was the subject matter of the lawsuit."

We have carefully examined the judgment roll and nowhere therein, except the specification itself, do we find any reference to "other lands owned by" the appellant Zarak "which were farmed and operated in connection with the property

 

which was the subject matter of the lawsuit." The record before us is absolutely devoid of any such showing.

For the reasons aforesaid, we are not in a position to determine whether error was committed entitling the appellant to a new trial. It follows that the only proper disposition of this appeal is to enter an order affirming the judgment.

The judgment is affirmed.

STRUTZ, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.