Alice C. **LAURITSEN**, for herself and for Lois C. Lauritsen, Jeanne M. Lauritsen, Susan C. Lauritsen, Boyd F. Lauritsen, Carroll Ann Lauritsen, and Kenneth Bruce Lauritsen, all heirs of Kenneth Lauritsen, Deceased, Plaintiffs and Appellants,

v.

Harris **LAMMERS** and Leo Lammers, Defendants and Respondents.

No. 8471.

Supreme Court of North Dakota.

Oct. 15, 1968.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for appellants.

Lyle Huseby, Fargo, and Norman J. Backes (on oral argument), Fargo, for respondents.

KNUDSON, Judge.

This is an action for the wrongful death of the plaintiff's husband from injuries sustained in an automobile accident. The negligence of Harris Lammers, the driver of the car, was admitted, and the only question for the jury in regard to him was the amount of damages. The car was owned by Leo Lammers, the father of Harris, and plaintiffs alleged that he was liable under the "family car doctrine." The jury returned a verdict against Harris in the amount of $75,000, and judgment was entered thereon. The jury did not find Leo liable. The plaintiffs moved for a new trial on the grounds that the court erred in instructing the jury, and in refusing to give a requested instruction. The motion for a new trial was denied. This appeal is from the order denying the motion for a new trial, assigning as error the same grounds as upon the motion for new trial. The plaintiff contends that under the erroneous instruction on the family car doctrine the jury would have no alternative other than to find in favor of Leo, and amounted almost to a direction by the trial judge that the jury bring in a verdict in favor of Leo, finding him not liable for the death of the plaintiff's husband, caused by the negligence of Harris.

The plaintiffs contend that the court erred in instructing the jury as follows:

The Court instructs the jury that under the laws of the State of North Dakota, when the head of a family provides an automobile for the use and pleasure of the members of the family *and permits them to use it at will,* they become the agents of the head of the family for the purpose of such use, which includes their own personal pleasure, and when they are so using the automobile the head of the family is liable to respond in damages for injuries resulting from their

negligence. This is known as the "family car doctrine," and the basis of liability under the family car doctrine is that one who owns and maintains an automobile for the general use of the household is held upon grounds of public policy and in analogy to principles governing agency to make the use of such automobile for such purposes a part of his business, so that any member of the family using such automobile for those purposes under general authority to do so becomes his representative, and for whose negligence he is responsible. [Emphasis added by plaintiffs.]

And the plaintiffs also contend that the court erred in refusing to give the following instruction:

In determining the liability of an owner under the family purpose doctrine as defined in these instructions, the fact the child customarily was required to or did ask for and receive permission to use the vehicle, in no way negatives the applicability of the doctrine.

In the case at bar, Harris asked for and received permission to use the car. The plaintiff contends the trial court's use of the words "at will" in the instructions was erroneous because it required plaintiff to establish that the head of the family must permit the members of the family to "use it at will" to come within the family car doctrine. The plaintiff requested a qualifying instruction to the effect that because the child customarily was required to or did ask for and receive permission to use the car would not negate the application of the family car doctrine. The trial judge refused this instruction. The plaintiff argues that the words "at will" in the instruction constituted an unfortunate phrase, was illogical, and if literally followed would almost completely disallow the application of the family car doctrine. The memorandum opinion of the trial judge on the motion for a new trial bears out and supports the contention of the plaintiff that the construction the court

placed upon the phrase "to use it at will," especially when coupled by the trial court with the phrase "general authority," would negate the application of the family car doctrine when a driver obtains special permission on the occasion of each use, wherein the trial court quoted from 60 C. J.S. Motor Vehicles § 433 (1949), at p. 1075, as follows:

> Indeed, it has been held that the doctrine applies only where the driver has general permission to use the vehicle,[61] and does not apply as to a member of the family who obtains special permission on the occasion of each use.[62] * * *

Notes 61 and 62 cite Maher v. Fahy, 112 Conn. 76, 151 A. 318 (1930); and O'Keefe v. Fitzgerald, 106 Conn. 294, 137 A. 858 (1927).

In Maher v. Fahy, supra, cited in 60 C. J.S. Motor Vehicles § 433, the court said on page 320 of 151 A.:

> He had possession and use of the car on this occasion for a purpose strictly his own. He had obtained it by asking special permission from the owner. * * * [H]is use of it was restricted, and sometimes refused. These and other facts established by the evidence satisfy us that the son did not have general authority to drive this car and that it was not a "family car" within the meaning of our law.

In O'Keefe v. Fitzgerald, 106 Conn. 294, 137 A. 858 at page 860 (1927), the court said:

We are referred to West Virginia, where it is said:

> "Where one owns and maintains it [an automobile] for the comfort, convenience, pleasure, and recreation of his family, and [intrusts] its management to any member thereof, such member will be regarded as the agent or servant of the owner, making him liable in damages for the injuries sustained by a third person from the negligent management of

such machine on the public roads by such agent or servant."

Ambrose v. Young, 100 W.Va. 452, 130 S.E. 810; Beard v. Davis, 86 W.Va. 437, 103 S.E. 278.

It will be seen that this statement of the rule in West Virginia is broader than our own. One of the limitations under our rule is that the driver of the car must be shown to have had from the owner "general authority to drive the car while it is being used as such family car; that is, for the pleasure or convenience of the family or a member of it." Under this rule it was necessary for the plaintiff to establish that Miss Lose had general authority to use the car. The question is, as said by the trial court, a close one. She might, perhaps not unfairly, be said to be a member of the defendant's family, but it appears that she did not venture to take the car without permission; in fact, she approached the owner twice upon the matter. If she had had general authority to use it, and he was maintaining it for her use, as well as for his own and that of the other members of his family, the seeking of permission to drive the car on this occasion would manifestly have been unnecessary. She not only sought permission, but she explained her purpose and when, where, and how she wanted to use it. The record is bare of any instance where she had used the car without thus seeking permission. There appears no instance when she used it on a general authorization to do so. She always obtained "special permission." * * *

The rule followed by the trial court from 60 C.J.S. Motor Vehicles § 433 (1949), at p. 1075, is not applicable to North Dakota. The rule adopted in Connecticut is much more restrictive than the rule in North Dakota. In the O'Keefe v. Fitzgerald case the Connecticut court states that their rule is not as broad as the West Virginia rule, as one of the limitations of the Connecticut rule is that the

driver of the car must be shown to have had "general authority" from the owner, and that where the driver of the car receives special permission the rule is not applicable. The West Virginia rule, as discussed in O'Keefe v. Fitzgerald, is similar to the North Dakota rule as pronounced by this court in several cases.

We have reviewed all of the North Dakota cases that have passed on the family car doctrine, and find the rule to be variously stated, as follows:

Under the doctrine of respondeat superior a husband is liable for the negligent operation of an automobile owned by him and driven by his wife with his full acquiescence and consent, for purposes of business or pleasure of the family.

Vannett v. Cole, 41 N.D. 260, 170 N.W. 663 (1918), Syllabus 2.

The owner of an automobile kept and used for the business and pleasure of the family is liable for its negligent operation by his wife, when driven for such purposes with his knowledge and consent.

The owner of such automobile is liable for its negligent operation by a third person, directed or permitted by his wife, in her presence, to drive such automobile for purposes of the business or pleasure of the owner's family.

Ulman v. Lindeman, 44 N.D. 36, 176 N.W. 25, 10 A.L.R. 1440 (1919), Syllabus 1 and 2.

The head of a family may purchase an automobile for the general use of the members of his family; but, if he denies such use to a member of the family, he is not liable if such member surreptitiously takes the car and negligently injures another.

Miller v. Kraft, 57 N.D. 559, 223 N.W. 190 (1929), Syllabus 2.

A son residing with his parents does not cease to be a member of the family merely by reason of the fact that he has arrived at his majority. The test is not whether the son is an adult or minor, but whether he was using the car for a purpose for which the parent provided it, with authority, expressed or implied.

Carpenter v. Dunnell, 61 N.D. 263, 237 N.W. 779 (1931), Syllabus 2.

In Harmon v. Haas, where the father had expressly granted the use of the car to his daughter on the occasion of its use, we quoted with approval an instruction that read:

[T]he court charged the jury that, before holding the appellant "responsible for the negligence of his daughter it must appear, by a fair preponderance of the evidence, that she was using her father's automobile 'with either express or implied authority from Theodore Haas, as the agent or servant of said Theodore Haas, and in serving some purpose for which the said automobile was purchased and kept by said father, the defendant, Theodore Haas.'"

Harmon v. Haas, 61 N.D. 772, 777, 241 N.W. 70, 71, 80 A.L.R. 1131 (1932).

Where a member of a family incurs liability for negligence in the operation of a family automobile for a family purpose with the consent of the owner, the family purpose doctrine, in the interest of public policy, also imposes the liability upon the owner of the automobile.

Michaelsohn v. Smith, 113 N.W.2d 571, 8 A.L.R.3d 1183 (N.D.1962), Syllabus 1.

The family purpose doctrine has no application to a case where the owner of a family automobile seeks to recover for damages to his automobile proximately caused by the negligence of the operator of another automobile, even though the family member driver of the owner's automobile was contributorily negligent.

Brower v. Stolz, 121 N.W.2d 624 (N.D. 1963), Syllabus 3.

The record shows without dispute that he kept and maintained the automobile involved for the business and pleasure of his family. The family purpose doctrine is therefore applicable.

Under this doctrine, one who maintains an automobile for the pleasure and convenience of himself and of his family, is liable for damages occasioned by the negligent operation thereof, while it was being used by a member of his family for said purposes. [Citations omitted.]

Grenz v. Werre, 129 N.W.2d 681, 693 (N.D.1964).

The words "general authority" do not appear in any of the above cases as an element of the family car doctrine; in fact, we have found only two North Dakota cases in which the words "general authority" appear. In the case of Posey v. Krogh, 65 N.D. 490, 259 N.W. 757 (1934), there is no reference to the words "general authority" in Syllabus 1, which reads as follows:

Where a daughter over the age of twenty-one years is living in the home of her father as a member of his family, an automobile owned by her individually is not governed by the rules dealing with the "family car" of the head of the family, and where a member of the father's family uses this car in the service of the father, with the consent of the owner, the "family car" doctrine does not apply so as to make the owner of the car liable for injuries sustained by a third person while the car is being used in the service of the father.

However, in the body of the opinion, this court, in discussing a number of cases cited by the plaintiff therein that the family car doctrine is applicable, said:

In these cases cited the car belonged to the father, the head of the family, and he furnished the car for the use of the family. In such case the general principle is well exemplified. The father, as the head of the family, owns the car.

He purchases it for the use of the family and authorizes the members of his family to use the car for the purpose. It is a general authorization, and, while they are so using it, they are using the car for the purpose for which he purchased it and intrusted it to their care.

Posey v. Krogh, supra, 259 N.W. at 759.

This statement of the court concerning "general authorization" was dictum. The question of an express authorization was not an issue in that case as the car involved was owned by a daughter, and was not a family car so as to make the father liable while it was used in the service of the father.

In Braaten v. Grabinski, 77 N.D. 422, 43 N.W.2d 381 (1950), Syllabus 4 merely recites:

Following Ulman v. Lindeman, 44 N.D. 36, 176 N.W. 25, 10 A.L.R. 1440, and Carpenter v. Dunnell et al., 61 N.D. 263, 237 N.W. 779, it is held that the evidence in the instant case establishes a cause of action against the owner of the automobile under the family car doctrine.

In the body of the opinion the court had this to say:

Defendant Joseph Grabinski owned and maintained the car driven by his son Leonard for the general use, pleasure and convenience of his family, and his son Leonard had general authority to so use such car at the time of the accident.

Braaten v. Grabinski, supra, 43 N.W.2d at 383.

Whether the permission granted by the owner to the member of the family was express or implied was not an issue in these cases in which this court has considered the family car doctrine. However, the court in its expressions of the rule in these cases has indicated that the permission may be either express or implied (Carpenter v. Dunnell, supra; Harmon v. Haas, supra; Miller v. Kraft, supra), and

the permission granted may be either a general authorization to use the car (Vannett v. Cole, supra; Braaten v. Grabinski, supra; Posey v. Krogh, supra), or a specific permission to use the car on the occasion of its use (Harmon v. Haas, supra). The nature of the authority or permission of the driver of the car has been variously stated by the court: In Ulman v. Lindeman, "with his knowledge and consent"; in Carpenter v. Dunnell, "with authority, expressed or implied"; in Harmon v. Haas, "with either express or implied authority"; in Michaelsohn v. Smith, "with the consent of the owner"; and in Vannett v. Cole, "with his full acquiescence and consent."

The trial court relied upon Bryan v. Schatz, 77 N.D. 9, 39 N.W.2d 435 (1949), wherein this court said in Syllabus 1, where the phrase "at will" first appears in a North Dakota case:

> When the head of a family provides an automobile for the use and pleasure of the members of the family and permits them to use it *at will*, they become the agents of the head of the family for the purposes of such use which *includes* their own personal pleasure and when they are so using the automobile the head of the family is liable to respond in damages for injuries resulting from their negligence under the doctrine of respondeat superior. [Emphasis added.]

This is the only case we can find in North Dakota, or elsewhere, where the phrase "at will" has been included as an element of the family car doctrine.

The phrase "at will" in the rule set forth in Bryan v. Schatz was construed by the trial court in the instant case to restrict the application of the family car doctrine to instances where the member of the family had general authority, express or implied, to use the car whenever he so desired.

In the Bryan v. Schatz case this court stated that the controlling question of fact was whether Ervin Schatz, at the time of the accident, was a member of the family of Gottlieb Schatz, his father, so as to render the father liable for the negligent operation of the car under the family car doctrine.

The facts necessary for our consideration of Bryan v. Schatz are: Ervin, the son, left home in 1942. He resided and worked in Bismarck. He married while living in Bismarck, but was not married at the time of the accident. About two weeks before the accident, Gottlieb, the father, requested Ervin to help with the threshing. He left most of his clothing and belongings in his room in Bismarck. During the approximately two weeks before the accident when he worked on his father's farm he did not drive his father's car for his own business or pleasure, but did drive it several times upon the business of his father or the family. On the evening of the accident Ervin asked, and was refused, the permission of his father to take the car to go to a dance at Regan. After his father had gone to bed Ervin took the car to the dance, and later drove to Bismarck where he became intoxicated and involved in the accident. He did not return to work or to live on the farm.

The Bryan v. Schatz case was tried by the court and the appeal was from the judgment dismissing the complaint as to the father. A trial de novo was demanded. This court affirmed the judgment below for the same reason as that of the trial court, i. e., that the son, Ervin, was not a member of the household of the father, Gottlieb.

While it is true that the phrase "at will" appears in the rule in the Syllabus, and also in the body of the opinion, the court said quoting from Carpenter v. Dunnell:

> The test is not whether the son is an adult or minor, but whether he was using the car for a purpose for which the parent provided it, with authority, expressed or implied.

Bryan v. Schatz, 77 N.D. 9, 39 N.W.2d 435, 437 (1949).

The kind and nature of the authority or permission to use the car was not the main issue in Bryan v. Schatz—the controlling issue was Ervin's status as a member of the family, and the decision in that case holding the father not liable was based on a finding that Ervin was not a member of his father's family.

Bryan v. Schatz differs from the other cases involving the family car doctrine. In that case, the father refused to give his son permission to use the car, whereas in the other cases, except Miller v. Kraft, 57 N.D. 559, 223 N.W. 190 (1929), permission had been granted, either expressed or implied; and none of these cases, including Miller v. Kraft, used the term "at will" in the rule on the family car doctrine. The phrase "at will" in Bryan v. Schatz related particularly to the facts in that case.

■ We are of the opinion, after a careful review of the record in this case, that an instruction to the jury on the family car doctrine which reads as follows:

The Court instructs the jury that under the laws of the State of North Dakota, when the head of a family provides an automobile for the use and pleasure of the members of the family *and permits them to use it at will,* they become the agents of the head of the family for the purposes of such use, which includes their own personal pleasure, and when they are so using the automobile the head of the family is liable to respond in damages for injuries resulting from their negligence. This is known as the "family car doctrine", and the basis of liability under the family car doctrine is that one who owns and maintains an automobile for the general use of the household is held upon grounds of public policy and in analogy to principles governing agency to make the use of such automobile for such purposes a part of his business, so that any member of the family using such automobile for those purposes *under general authority to do so* becomes his representative, and for whose negligence he is responsible. [Emphasis supplied.]

is erroneous and is prejudicial error, as the phrase "and permits them to use it at will," when coupled with the phrase "under general authority to do so," restricts the application of the family car doctrine only to instances when a member of the family uses the car upon his own volition at any time under a general authority to use the car, precluding the application of the family car doctrine to instances when the member of the family has received special or express permission to use the car on the occasion of such use, and the jury, under the instruction as given, could reach only one conclusion, and that is, the head of the family cannot be held liable under the family car doctrine when the member of the family obtains special or express permission on the occasion of each use of the car.

■ Under the definition of the family car doctrine given in the instruction in this case, it was prejudicial error for the trial court to refuse to give the instruction requested by the plaintiff that the family car doctrine would apply also when special or express permission to use the car on the occasion of each use had been given to the member of the family, thereby clarifying and qualifying the court's instruction on the family car doctrine.

This Court has considered the argument that even if the instructions were found to be erroneous and that even if it was error not to give the requested instruction, the errors were without prejudice, and that under N.D.R.Civ.P. Rule 61 the verdict of the jury should be sustained.

In light of the arguments made before this Court which were not denied, that counsel for defendants in his argument to the jury stressed the language of the instruction to the effect that special or express permission to use the car on the oc-

casion of each use took the case out of the family car doctrine, and in light of the memorandum opinion of the district court which clearly indicates that the trial court was also of the opinion that special or express permission to use the car on the occasion of each use took this case out of the family car doctrine, it would appear that this view pervaded the atmosphere of the trial to such an extent that it could not be presumed that the errors were not prejudicial.

■ It is further argued that a review of all the evidence in this case discloses that the evidence is insufficient as a matter of law to sustain a finding that the car driven by Harris was a car owned and maintained by Leo for family purposes. With this view we do not agree, although the evidence to sustain such a finding may not be strong such evidence exists, and when considered on a new trial under proper instructions such finding could reasonably be made by the jury.

These views we express in light of the objective of the family car doctrine.

■ The object or purpose of the family car doctrine is to place the responsibility for the negligent acts of the driver on the person who permitted the use of the car, where the father furnishes the car for the use, pleasure and business of himself and his household, rather than on the innocent victim.

The order denying the motion for new trial is reversed and the case is remanded for trial as to the liability of the father, Leo Lammers.

ERICKSTAD and PAULSON, JJ., concur.

STRUTZ, Judge (dissenting).

I must dissent from the opinion of the majority in this case. It reverses the district court and orders a new trial on the ground that an instruction given on the matter of the family-car doctrine was erroneous and prejudicial. I believe that when the entire instruction, as given, is read and construed, it is very apparent that the instruction as a whole was correct and proper. It must be remembered that error never will be presumed, but must be affirmatively shown by the record. The burden of showing error is on the party claiming it. Zarak v. Hjelle, 156 N.W.2d 815 (N.D. 1968). The jury found for the respondent in this case, and there is no showing that, under the evidence, a different result would probably have resulted if the instruction complained of had not been given. One who seeks to set aside a jury's verdict in a civil action because of error in the instructions has the duty of showing that, under the evidence, the jury would probably have reached a different verdict if the instruction had not been given. Moe v. Kettwig, 68 N.W.2d 853 (N.D.1955).

We would also point out that instructions to a jury must be considered and construed as a whole, and that error cannot be assigned upon mere portions of an instruction; that if the instruction as a whole, as given by the court, states the law correctly, there can be no reversible error, even though a part of the instruction, standing alone, might be erroneous. Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11 (1949); Ferderer v. Northern Pacific Ry. Co., 77 N.D. 169, 42 N.W.2d 216 (1950); Moe v. Kettwig, 68 N.W.2d 853 (N.D.1955); Sather v. Bigger, 107 N.W.2d 38 (N.D.1961); Spalding v. Loyland, 132 N.W.2d 914 (N.D.1964); Larson v. Meyer, 135 N.W.2d 145 (N.D.1965); Kuntz v. Stelmachuk, 136 N.W.2d 810 (N.D.1965); Jasper v. Freitag, 145 N.W.2d 879 (N.D.1966); Bartholomay v. St. Thomas Lumber Co., 148 N.W.2d 278 (N.D.1967).

That is exactly what happened in this case. The portion of the instruction complained of might be erroneous if the court had given only what the majority quotes in the first paragraph of the syllabus of its opinion. But the trial court went on to instruct the jury: "The test is * * *

whether he was using the car for a purpose for which the parent provided it, with authority, expressed or implied."

Thus the instruction was not error when considered as a whole.

However, let us assume, for the sake of argument, that the majority is correct in its conclusion that the instruction complained of was erroneous. Even if that were true, I do not believe that such error was prejudicial. The undisputed facts which the jury had before it for consideration showed that the family-car doctrine would not be applicable in this case in any event. Here, the son was more than twenty-four years of age. It is true that where the son is an adult, that in itself does not mean that he ceases to be a member of his father's family. But the record in this case discloses that the son, for many years, had been working away from home for other people. When so working, he lived away from his father's home. Being unmarried, he came to his father's home during periods when he was unemployed.

The important fact, and the circumstance which completely destroys any chance that the father's car could be considered a family car in this case, it that at the time the father purchased this automobile, some eight years prior to the accident, it was not purchased as a family car. At that time, and at all times since, the son has had his own automobile. He never has used the father's automobile except on special occasions, and then only with special permission. The automobile was not maintained by the father for the use and convenience of the son as a member of his family because the son always had had his own car during all the years that the father owned the car in question.

At the time of the accident out of which this action arose, the son was employed on a construction crew erecting buildings in Hope, North Dakota. This was within driving distance of his parents' home. So, being unmarried, he stayed at his parents' home during his employment on this particular job. While engaged on this job, his own car broke down. To enable him to get to work, the father permitted him to use the father's automobile on the day in question and for several days prior to the accident. It was used purely for the son's own business, and not for the business of the family or the father nor for the convenience of either. The son's automobile was in a garage being repaired, and work on it had not yet been completed on the morning of the accident, so the father permitted his son, at the son's express request, to use the automobile that day to go to work. Thus, when the son's car had to be put in the garage for repair, he did not get blanket permission to use the father's car while his own car was being repaired. He asked for and he received permission on each occasion when he used the car.

Therefore, even if the instruction which was given on the matter of the family-car doctrine was erroneous, as asserted by the majority, it was error without prejudice because, under the record in this case, the father's automobile was not a family car. Had the jury found against the father on the record it had before it, we would—or, under the law, we should—set aside such verdict.

I would affirm the judgment of the district court.

TEIGEN, Chief Justice.

I concur in the dissent insofar as it discusses the law. I feel that the instruction considered as a whole is not erroneous.